HORNER v. KNIGHTS OF COLUMBUS BUILDING CO.

EQUITY—DISMISSAL OF BILL AFTER ISSUE JOINED—PLEADINGS.
  The judicature act (Act No. 314, Pub. Acts 1915), chap. 14, § 4 (3 Comp. Laws 1915, § 12456), providing that objections to a bill of complaint theretofore raised by plea or demurrer may be raised by motion to dismiss saving always the right to object to the jurisdiction, does not contemplate that, issue having been joined, an interlocutory decree will be entered upon a motion thereafter made to dismiss the bill, and accordingly a motion to dismiss the bill after joining of issue, where a question of jurisdiction is not involved, is properly denied.

Appeal from Kent; Brown, J. Submitted April 3, 1917. (Docket No. 19.) Decided September 27, 1917.

Bill by Frank A. Horner against the Knights of Columbus Building Company and another to foreclose a mechanic's lien. From an order overruling a motion to dismiss, defendant Knights of Columbus Building Company appeals. Affirmed.

*Hatch, McAllister & Raymond* (*Charles E. Ward*, of counsel), for plaintiff.

*Martin H. Carmody* (*Francis A. Stace,* of counsel), for appellant.

OSTRANDER, J. A bill of complaint to foreclose an alleged mechanic's lien was filed June 1, 1916, and a subpœna was issued and served upon the defendant named in the bill. The defendant, on July 6, 1916, filed its answer and cross-bill. Plaintiff, on July 22, 1916, answered the cross-bill. The defendant thereafter, on July 28, 1916, moved the court to dismiss the bill founding the motion on the record on the affidavit of one of its counsel, and upon the contract out of which the alleged lien arose, a copy of which is set out with the said motion. The motion coming on to be heard, it was overruled; no reasons for decision being given. An appeal from this order was allowed.

Counsel have argued the case upon the merits—upon such merits as it is contended are disclosed by the pleadings. Counsel for plaintiff also questions the right of the defendant to raise, upon a motion to dismiss, the points which are relied upon to defeat the action. The practice pursued is defended by counsel for defendant upon the ground that it is permitted, if not required, by the judicature act (3 Comp. Laws 1915, § 12456). It is not pointed out that the judicature act has enlarged, or added to, the causes for which jurisdiction of the court may be questioned, or demurrers or dilatory pleas be interposed. The act has provided that objections to the bill of complaint heretofore raised by plea or by demurrer may be raised by motion to dismiss. Now, as formerly, the object of attack is, in a case like this one, the bill—the pleading. The act contemplates that if the attack upon it is successful the bill may be amended; if unsuccessful, defendant may still answer it. The order which the court may make in the premises contemplated by the act will be, usually, interlocutory in form. It may be,

of course, if jurisdiction is denied—a final decree. But. saving always the right to object to the jurisdiction of the court, the act does not contemplate that, issue having been joined, an interlocutory decree. will be entered upon a motion thereafter made to dismiss the bill. A decree, with or without the introduction of testimony, is demanded by the pleadings; but it is a final decree. The court should not have entertained the motion to dismiss, and I assume would not have done so, had proper objection been made. The order allowing an appeal should have been refused.

The order denying the motion to dismiss is affirmed, with costs to plaintiff, appellee.

KUHN, C. J., and STONE, BIRD, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.