KOMARYNSKI *v.* POPOVICH.

1. RELIGIOUS SOCIETIES—CHURCH PROPERTY—RIGHT TO POSSESSION —EQUITY JURISDICTION—QUO WARRANTO—TITLE TO OFFICE.
  Allegations in a bill filed by plaintiffs claiming to be the lawful trustees of a religious corporation, praying to be so adjudged, and to be put in possession of the church property and records now in possession of defendants who also claim to be the lawful trustees, *held*, to state a case within the jurisdiction of a court of equity, and plaintiffs' remedy is not limited to *quo warranto* proceedings to try the title to the office of trustee, since there is something besides title to office involved.    WIEST, J., dissenting.

2. PLEADING—PRACTICE—MOTION TO DISMISS.
  The practice of filing an answer denying the material allegations of the bill, and then nearly two months later filing a motion to dismiss is not approved; the better practice being to file the motion to dismiss before or with the answer.

Appeal from Wayne; Goff (John H.), J.    Submitted January 5, 1922.    (Docket No. 33.)    Decided June 5, 1922.

218 Mich.—31.

Bill by John Komarynski and others against Andrew Popovich and others for an injunction and an accounting.    From a decree dismissing the bill, plaintiffs appeal.    Reversed.

*Ernest N. Pappas,* for plaintiffs.

*August Cyrowski,* for defendants.

WIEST, J. (*dissenting*).    Plaintiffs claim they are the lawfully constituted trustees of St. John's Greek Catholic Church, a religious corporation in the city of Detroit, and they filed the bill herein to be so adjudged and to be entitled to the possession of the church property and records now in possession of defendants Andrew Popovich, president, Theodore Worko, Peter Poczywak, Ilko Procaylo, Mike Paslawski, Paul Fortuna and John Forys, who they say constitute the new board of trustees, but whose election to that office they attack and charge to have been illegal and void.    The charges against the other defendants all hinge upon the question of who are the lawful trustees. Answers made by defendants under oath, as required by the bill, aver the plaintiffs are not trustees and defendants above mentioned are the lawful trustees, and the answers fully meet the charges made.    Upon motion of defendants the circuit judge dismissed the bill on the ground that it presented no case of equitable cognizance and plaintiffs' remedy, if any, to try out the title to the office of trustee is on the law side of the court by information in the nature of *quo warranto.*

The bill shows on its face that defendant trustees are in office under color of authority of an election and have possession of the corporate property and are not *de facto* officers or mere volunteers or intruders, unless their election to the office was void.    The bill herein was not filed by the corporation, but by per-

sons claiming to be the lawful trustees of the corporation. The purpose of the bill is to remove from possession, management and control of the corporate affairs the trustees in possession and control and make way for the plaintiffs, who claim to be the true trustees, and to put them in possession by way of mandatory injunction.

This is not a suit against the trustees of the corporation, in recognition of their official character, to set them right and keep them in the right way as officers. This suit does not involve the ownership of the property, as that is vested in the corporation. The corporate affairs of the church appear to be under the control and management of trustees. But who are the trustees? That question must be answered before the court can send out its mandatory injunction taking possession from one set of trustees and giving the same to another set. The relief prayed for by plaintiffs, if any is granted, can come only after determination that the defendants are usurpers. It is not within the power of the court of chancery to take away from lawful trustees the management of the corporate affairs or to determine who are the lawful trustees and by injunction install them. If the defendants are not entitled to the office which they assume to hold and the functions which they are exercising, proceedings should be instituted for the direct purpose of trying their right thereto and of evicting them if they are usurpers.

In *Commonwealth, ex rel. Gordon,* v. *Graham,* 64 Pa. St. 339, *quo warranto* was held the proper remedy against persons usurping the office of trustees of a chartered church.

In *Attorney General, ex rel. Dusenbury,* v. *Looker,* 111 Mich. 498, *quo warranto* was held the proper remedy by which to try title to the office of director of a private corporation.

22 R. C. L. p. 666, states:

"The question has been frequently raised as to whether the remedy by *quo warranto* may be employed to test the right to an office in a private corporation. * * * In nearly all the States of this country it is held that the remedy by *quo warranto* or information in the nature thereof lies against one who usurps an office in a private corporation. The general principle underlying this conclusion is that corporations chartered by the State, or organized under the general statutes of the State are public franchises, regardless of the character of the corporation, and that the usurpation of a corporate office, therefore, amounts to the usurpation of a privilege granted by the State. With respect to the manner of their creation and the use of the remedy by *quo warranto* there is in principle no difference between the office under a municipal corporation and one under a private corporation. They are all offices of a public character. Thus an information in the nature of *quo warranto* may be filed to test the right of a person to the exercise of the office of the trustee of a corporate church, or the director of a manufacturing corporation, and in the case of many other particular offices."

In *Carpenter* v. *Clark*, 217 Mich. 63, we had occasion to review the authorities upon the pivotal question here involved, and held *quo warranto* to be the proper remedy to determine the validity of an election and title to office in a corporation.

The learned circuit judge properly dismissed the bill, and the decree entered in the circuit should be affirmed with costs to defendants, but without prejudice to the right of plaintiffs to file an information in the nature of *quo warranto*.

FELLOWS, C. J. I do not agree with the view that a court of equity is without jurisdiction to determine the rights of the parties in this controversy. *Bear* v. *Heasley*, 98 Mich. 279 (24 L. R. A. 615); *Richter* v. *Kabat*, 114 Mich. 575; *Borgman* v. *Bultema*, 213

Mich. 684. In each of these cases a similar controversy was considered by this court and the rights of the parties determined. In *Richter* v. *Kabat, supra,* the jurisdiction of a court of equity was directly assailed and distinctly sustained. We there quoted with approval from the opinion of present Chief Justice Taft in *Brundage* v. *Deardorf,* 55 Fed. 839, the following language:

"The peculiar character of the possession by the church trustees, and of the use by the pastor and congregation, makes it clear that a mere action in ejectment would be quite inadequate as a remedy to secure the complainant trustees, and those whom they represent, the same peculiar possession and use for them. The writ of injunction is well adapted to prevent an unlawful intrusion in the pulpit by the pastor, and an unlawful use by the congregation, against all of whom it would be obviously impracticable to institute proceedings in ejectment."

We also there cited with approval *Trustees, etc., of New Elm* v. *Hoessli,* 13 Wis. 348. In this case it was said by the Wisconsin supreme court:

"The entire value of such property consists in its free and undisturbed use and enjoyment for religious worship. Considering, therefore, the nature of this property, the use and purpose to which it is dedicated, the mischief arising from acts of trespass upon it, and the insufficiency of the ordinary legal remedies, we must say that, in our opinion, the complaint states a proper case for an injunction."

There is something beside title to office here involved. The ownership, possession and control of the church property is involved. I think the court should have entertained jurisdiction and overruled the motion to dismiss.

I do not think the practice followed in this case should be approved. Defendants filed answers denying the material allegations of the bill. Nearly two months thereafter this motion to dismiss was filed. I

think the better practice requires that the motion to dismiss should be filed before or with the answer. 3 Comp. Laws 1915, § 12456; *Horner* v. *Building Co.*, 197 Mich. 530.

I think the decree should be reversed and the case remanded for hearing on the merits and that plaintiffs should have costs of this court.

CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred with FELLOWS, C. J.

The late Justice STONE took no part in this decision.