INNOVATIVE ADULT FOSTER CARE, INC v RAGIN

Docket No. 284536. Submitted August 5, 2009, at Detroit. Decided
September 8, 2009, at 9:00 a.m.

Innovative Adult Foster Care, Inc. (Innovative AFC), through Rene
Harris and David Edwards, brought an action in the Oakland
Circuit Court against John and Mary Ragin, seeking a declaratory
judgment regarding which of two competing factions was in lawful
control of the board of directors of Innovative AFC. The court,
Edward Sosnick, J., granted summary disposition for John and
Mary Ragin, determining that it was beyond genuine factual
dispute that the three surviving incorporators of Innovative AFC,
Rene Harris and John and Mary Ragin, remained the sole direc-
tors until July 14, 2007, at which time John and Mary Ragin, as
two of the three surviving incorporators, legally took action to
expand the board and elect several new directors. The court
rejected as unsupported by any evidence the motion of the plaintiff
for summary disposition that alleged that a different board of
directors had been elected in 1999 and that that board had been
reelected at a June 10, 2007, meeting. The plaintiff appealed.

The Court of Appeals *held*:

Summary disposition was improperly granted under MCR
2.116(C)(10) because a genuine issue of material fact remained
concerning which of the two factions was in lawful control of the
management and board of directors of Innovative AFC. The
documentary evidence submitted by the plaintiff tended to estab-
lish the existence of a genuine factual dispute concerning the
composition of the board of directors. The affidavit submitted by
Rene Harris did contain sufficient detail to establish the existence
of a genuine issue of material fact. The affidavit was not devoid of
detail and it contained more than mere conclusory allegations. The
trial court completely overlooked a discrepancy in the tax returns
and annual corporate filings of the plaintiff that referred to
directors other than the four original incorporators and that
showed that there was conflicting evidence concerning whether
the board of directors had ever been expanded before 2007. The
order of summary disposition must be reversed and the matter
must be remanded for further proceedings. If the trial court

determines on remand that the individuals who were allegedly elected to the board of directors in 1999 were not elected in 1999, that the action taken at the June 10, 2007, meeting was void and without effect, and that the three surviving incorporators remained the sole directors until July 14, 2007, the trial court should additionally consider whether Rene Harris received proper notice of the July 14, 2007, meeting. If the trial court determines that she did not receive proper notice, it should also determine, before declaring the rights and legal relations of the parties, what effect, if any, the lack of notice may have had on the validity of the actions taken at the July 14, 2007, meeting.

Reversed and remanded.

*Maxwell Dunn, PLC* (by *Brenda J. Maxwell*), for the plaintiff.

*Susan A. Davis, PLC* (by *Susan A. Davis*), for the defendants.

Before: STEPHENS, P.J., and JANSEN and WILDER, JJ.

JANSEN, J. In this declaratory-judgment action, plaintiff Innovative Adult Foster Care, Inc. (Innovative AFC), appeals by right the circuit court's opinion and order granting summary disposition in favor of defendants, John and Mary Ragin, pursuant to MCR 2.116(C)(10). We reverse and remand for further proceedings consistent with this opinion.

I

Innovative AFC is incorporated under the Michigan Nonprofit Corporation Act, MCL 450.2101 *et seq.*, and is in the business of providing residential care for mentally ill and developmentally disabled adults. The four original incorporators of Innovative AFC were Gene Harris, his wife Rene Harris, Rene's father John Ragin, and John's wife Mary Ragin. For several years, the business of Innovative AFC was transacted smoothly and without significant disagreement. In the early

years of Innovative AFC's existence, the four original incorporators served as the board of directors. Gene Harris served as president and director, John Ragin served as vice president and director, Rene Harris served as secretary-treasurer and director, and Mary Ragin served as the fourth director.

Gene Harris died of a heart attack in 2004. Although Rene Harris continued to work well with defendants at first, a dispute soon developed. According to Rene Harris, defendants wanted to operate the business for their own gain, were not interested in operating the business in a financially sound manner, and had begun to feel threatened by her "meticulous accountability." In contrast, defendants contend that Rene Harris wanted to "split the company and take over one of its [group homes] to run independently herself." At any rate, irrespective of the exact cause of the dispute, it is clear that the three surviving incorporators became embroiled in a disagreement concerning the fundamental management and control of Innovative AFC.

Rene Harris called a special meeting of the board of directors for June 10, 2007. In addition to Rene Harris and John and Mary Ragin, David Edwards, George Williamson, Brenda Lester, Priscilla Murrell, Hazel Bartlett, Michelle Johnson, and Julian Watkins attended the meeting. Rene Harris informed everyone in attendance that Edwards, Williamson, Lester, Murrell, Bartlett, Johnson, and Watkins had been elected to the board of directors at the suggestion of her late husband, Gene Harris, apparently sometime in 1999. Rene Harris maintained that Edwards, Williamson, Lester, Murrell, Bartlett, Johnson, and Watkins had been elected by unanimous consent of the four original incorporators at that time.[1] Lester sug-

---

[1] Defendants, John and Mary Ragin, claim to have no knowledge that any of these individuals was ever elected to the board of directors.

gested that because Gene Harris was no longer alive and could not confirm what had occurred in 1999, those in attendance should vote to reaffirm the purported directorships of Edwards, Williamson, Lester, Murrell, Bartlett, Johnson, and Watkins. All those present, except defendants, voted to reaffirm the purported directorships, agreeing that Harris, Edwards, Williamson, Lester, Murrell, Bartlett, Johnson, and Watkins would serve as members of Innovative AFC's board of directors. All those present, except defendants, also voted to elect Edwards as chairman of the board of directors. Defendants protested the meeting's validity, did not vote at the meeting, did not consent to the purported election of directors, and did not otherwise participate in the proceedings.

Defendants, John and Mary Ragin, then called a special board of directors meeting for July 14, 2007. In addition to John and Mary Ragin, Derald Jones, Rajah Dixon, Gail Williams, Willie Boyd, Melissa Greer, Monique Anderson, and Vernice Hunt attended the meeting. It is unclear from the record whether Rene Harris ever received notice of this meeting. Nonetheless, it is undisputed that she did not attend. All those present on July 14, 2007, voted to elect Jones, Dixon, Williams, Boyd, Greer, Anderson, and Hunt to the board of directors. It was understood that defendants would continue to serve as directors as well. Those present then voted (1) to authorize Mary Ragin to relocate Innovative AFC's registered business office, (2) to dis-

---

Defendants argue that they never voted to expand the size of the board of directors beyond the four original incorporators, and assert that they never voted to elect Edwards, Williamson, Lester, Murrell, Bartlett, Johnson, or Watkins, in 1999 or at any other time. Moreover, according to the minutes of the meeting of June 10, 2007, Edwards, Watkins, Bartlett, and Williamson stated that they had no knowledge that they had ever been elected to the board.

continue the use of stamped signatures on corporate checks and to require two signatures on all checks in the future, (3) to relocate the residents of one of Innovative AFC's group homes upon the licensing of a new facility and the approval of Macomb County Community Mental Health, and (4) to hire a certified public accountant for Innovative AFC.

John and Mary Ragin, Rajah Dixon, Willie Boyd, Melissa Greer, Monique Anderson, and Vernice Hunt met for a second time on July 25, 2007,[2] and voted unanimously to elect Mary Ragin as president of Innovative AFC, John Ragin as vice president of Innovative AFC, and Derald Jones as chairman of the board of directors. Someone in attendance noted that secretary-treasurer Rene Harris was not in attendance and suggested that her resignation or termination should be considered. However, John Ragin asked everyone to wait before taking action in this regard so that he could first contact Rene Harris and personally request her participation. Those present agreed to John Ragin's request, but voted to close Innovative AFC's existing bank account, to move all corporate assets to a new bank account, and to change the corporate mailing address to Eastpointe, Michigan.

II

Rene Harris and David Edwards, purportedly on behalf of Innovative AFC, commenced this declaratory-judgment action[3] in August 2007 for the purpose of

---

[2] Derald Jones and Gail Williams were not present at the meeting of July 25, 2007.

[3] In general, an action in quo warranto is the exclusive method by which to try title to the office of director in a private corporation. *Attorney General ex rel Dusenbury v Looker*, 111 Mich 498, 508; 69 NW 929 (1897). Nonetheless, we conclude that the instant suit was properly commenced

resolving which of the two competing factions was in lawful control of Innovative AFC's board of directors. Attached to the complaint as "Exhibit A" was a list of the individuals who had allegedly been elected to the board of directors at the suggestion of Gene Harris in 1999. Exhibit A included the names John Ragin, Mary Ragin, David Edwards, George Williamson, Brenda Lester, Priscilla Murrell, Hazel Bartlett, Michelle Johnson, and Julian Watkins.[4] Plaintiff alleged that the individuals listed on Exhibit A had been elected at the suggestion of Gene Harris sometime in 1999, that the individuals listed on Exhibit A constituted the true board of directors of Innovative AFC, that the individuals listed on Exhibit A had been properly reelected as directors at the meeting of June 10, 2007, and that the subsequent purported election of new directors at the meeting of July 14, 2007, was therefore void and without effect.

Defendants moved for summary disposition, arguing (1) that Edwards, Williamson, Lester, Murrell, Bartlett, Johnson, and Watkins had not been elected to the Innovative AFC board of directors in 1999 or at any other time, and (2) that no directors other than the original incorporators had ever been elected until the

as a declaratory judgment action because "[t]here is something beside title to office here involved." *Komarynski v Popovich*, 218 Mich 481, 485; 188 NW 386 (1922). Indeed, the present case concerns not only title to the directorships of Innovative AFC, but also the fundamental management and control of the corporation itself. See *id*. Moreover, we note that declaratory relief is not precluded by the availability of another adequate remedy. MCR 2.605(C). We conclude that plaintiff was not required to bring this action in quo warranto, and that the circuit court was authorized to hear this matter as a declaratory judgment action.

[4] Exhibit A also listed the names of three other individuals who are not involved in this appeal. According to plaintiff, these three individuals had either resigned from the board in the intervening years or could not be located at the time the complaint was filed.

meeting of July 14, 2007. Defendants presented several of Innovative AFC's federal tax returns and annual corporate filings for the years 1999 through 2004, most of which listed Gene Harris, John Ragin, Rene Harris, and Mary Ragin as the sole directors of the corporation.[5] Similarly, defendants presented two subsequent corporate filings, both filed after the death of Gene Harris, which listed only John Ragin, Rene Harris, and Mary Ragin as directors of the corporation. Defendants also submitted affidavits in which they each averred, among other things, (1) that the four original incorporators of Innovative AFC were Gene Harris, Rene Harris, John Ragin, and Mary Ragin, (2) that "[t]he four incorporators . . . served as the initial board of directors," (3) that "[u]pon the death of Gene Harris, the remaining three incorporators served as the [b]oard of [d]irectors of the corporation," (4) that "[t]he initial board of directors did not elect any additional directors until July 2007," (5) that defendants had "never voted for any of the persons listed on . . . Exhibit A to plaintiff's complaint," and (6) that defendants had "attended the June 10 meeting only to protest the validity of the meeting."

In addition, defendants submitted copies of Innovative AFC's articles of incorporation and bylaws in support of their motion for summary disposition. The articles of incorporation clearly state that Innovative AFC's original four incorporators were Gene Harris, Rene Harris, John Ragin, and Mary Ragin. The bylaws provide in pertinent part (1) that "[t]he corporation

---

[5] Although all but one of the federal tax returns and annual corporate filings for the years 1999 through 2004 listed Gene Harris, John Ragin, Rene Harris, and Mary Ragin as the sole directors of the corporation, Innovative AFC's annual corporate filing for 2003 listed Gene Harris, Rene Harris, John Ragin, Mary Ragin, Monique Anderson, and Brenda Lester as directors of the corporation.

shall be managed by a governing board, which is herein referred to as the 'board of directors,' " (2) that "[t]he first board of directors shall consist of persons named as the initial [incorporators] in the certificate of incorporation and shall hold office . . . until their successors have been elected and qualified," (3) that "[t]hereafter, directors . . . shall be elected at annual meetings of the board of directors by a plurality of the votes cast," (4) that "[t]he number of directors may be increased or decreased by action of the directors, provided that any action of the directors to effect such increase or decrease shall require the vote of a majority of the entire board," and (5) that "[i]n the interim between annual meetings of directors or special meetings of directors called for the election of directors, newly created directorships and any vacancies in the board of directors, including vacancies resulting from the removal of directors for cause, may be filled by the vote of the remaining directors then in office, although less than a quorum."

Defendants argued that the three surviving incorporators remained the sole directors of Innovative AFC until July 14, 2007, at which time new directors were validly elected. Specifically, defendants contended (1) that the purported election of directors at the meeting of June 10, 2007, was void and without effect because only one of the three surviving incorporators, Rene Harris, had participated, and (2) that defendants John and Mary Ragin constituted a quorum of the three surviving incorporators, and were accordingly authorized to expand the size of the board of directors and elect new directors at the meeting of July 14, 2007.

In response to defendants' motion for summary disposition, plaintiff submitted the affidavit of Rene Harris. In her affidavit, Rene Harris averred, among other things, that the four original incorporators had

met sometime in 1999 and had "unanimously agreed" at the suggestion of Gene Harris to expand the size of the board of directors and to elect the individuals listed on Exhibit A as the directors of Innovative AFC.

Relying on defendants' affidavits, as well as the federal tax returns and annual corporate filings, the circuit court granted summary disposition in favor of defendants, ruling that it was beyond genuine factual dispute that the three surviving incorporators remained the sole directors of Innovative AFC until July 14, 2007, at which time defendants, as two of the three surviving incorporators, legally took action to expand the board and elect several new directors. The circuit court gave no consideration to the affidavit of Rene Harris, ruling that it was merely conclusory and contained insufficient evidentiary detail to create a genuine issue of material fact for trial. The circuit court remarked that plaintiff had "not presented any evidence" to support its assertion that the individuals listed on Exhibit A were ever elected to Innovative AFC's board of directors in 1999.

Plaintiff moved for reconsideration of the circuit court's opinion and order, but the motion was denied.[6]

III

A motion for summary disposition brought pursuant to MCR 2.116(C)(10) tests the factual support for a

---

[6] Attached to the motion for reconsideration, plaintiff submitted several affidavits in support of its assertion that that the individuals listed on Exhibit A were elected to Innovative AFC's board of directors in 1999. The circuit court properly declined to consider these affidavits, which were presented for the first time in support of plaintiff's motion for reconsideration. *Churchman v Rickerson*, 240 Mich App 223, 233; 611 NW2d 333 (2000); *Charbeneau v Wayne Co Gen Hosp*, 158 Mich App 730, 733; 405 NW2d 151 (1987). We similarly decline to consider on appeal the contents of these untimely filed affidavits. *Peña v Ingham Co Rd Comm*, 255 Mich App 299, 313 n 4; 660 NW2d 351 (2003).

claim. *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). The moving party must first "specifically identify the issues as to which [it] believes there is no genuine issue as to any material fact," MCR 2.116(G)(4), and has the initial burden of supporting its position with affidavits, depositions, admissions, or other admissible documentary evidence, MCR 2.116(G)(3)(b); MCR 2.116(G)(6); *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). Once this initial burden has been met, the burden shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Id*. "Where the burden of proof at trial on a dispositive issue rests on a nonmoving party, the nonmoving party may not rely on mere allegations or denials in [the] pleadings, but must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists." *Id*. In determining whether a genuine issue of material fact exists, the court must consider all documentary evidence in a light most favorable to the nonmoving party. *DeBrow v Century 21 Great Lakes, Inc (After Remand)*, 463 Mich 534, 538-539; 620 NW2d 836 (2001). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). "Summary disposition is proper under MCR 2.116(C)(10) if the affidavits and other documentary evidence show that there is no genuine issue concerning any material fact and that the moving party is entitled to judgment as a matter of law." *Kennedy v Great Atlantic & Pacific Tea Co*, 274 Mich App 710, 712; 737 NW2d 179 (2007).

We review de novo a circuit court's ruling on a motion for summary disposition. *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998). Our

review is limited to the evidence that had been presented to the circuit court at the time the motion was decided. *Peña v Ingham Co Rd Comm*, 255 Mich App 299, 313 n 4; 660 NW2d 351 (2003). Courts are liberal in finding a factual dispute sufficient to withstand summary disposition. *In re Handelsman*, 266 Mich App 433, 437; 702 NW2d 641 (2005); *Porter v Royal Oak*, 214 Mich App 478, 484; 542 NW2d 905 (1995).

IV

After having thoroughly reviewed the record evidence presented to the circuit court in this case, we conclude that there remained a genuine issue of material fact concerning which of the two factions was in lawful control of the management and board of directors of Innovative AFC. Accordingly, we conclude that summary disposition for defendants was improperly granted.

Plaintiff contends that the individuals listed on Exhibit A to the complaint were elected to Innovative AFC's board of directors at the suggestion of Gene Harris sometime in 1999, and that they were subsequently reelected to the board of directors at the meeting of June 10, 2007. Specifically, plaintiff asserts (1) that the meeting of June 10, 2007, was properly convened as a meeting of Innovative AFC's then-existing board of directors, (2) that the meeting was valid and lawful, (3) that Rene Harris, David Edwards, George Williamson, Brenda Lester, Priscilla Murrell, Hazel Bartlett, Michelle Johnson, and Julian Watkins were reelected as directors of the corporation at that time, (4) that Edwards was elected as chairman of the board of directors at that time, (5) that defendants, as a minority of the board, had no authority to call the subsequent meeting of July 14, 2007, and (6) that the

purported election of new directors at the meeting of July 14, 2007, was therefore void and without effect.

In contrast, defendants assert (1) that there is no evidence that the individuals listed on Exhibit A were ever elected to Innovative AFC's board of directors in 1999, (2) that neither John Ragin nor Mary Ragin ever voted to elect any of the individuals listed on Exhibit A, (3) that neither John Ragin nor Mary Ragin ever voted to expand the size of the board of directors beyond the original four incorporators until the meeting of July 14, 2007, (4) that the three surviving incorporators remained the sole directors of Innovative AFC until the meeting of July 14, 2007, (5) that Rene Harris was without authority to unilaterally call the special meeting of June 10, 2007, (6) that the purported election of directors on June 10, 2007, was void and without effect because it occurred at an improperly convened meeting and garnered the vote of only one of the three surviving incorporators, and (7) that defendants, as a majority of the surviving incorporators, were legally authorized to convene the special meeting of July 14, 2007, to expand the size of the board of directors at that time, and to elect new directors for the corporation.

When conflicting evidence has been presented, whether an election of corporate directors was in fact held, and whether directors were in fact elected, are generally questions of fact. *Zachary v Milin*, 294 Mich 622, 626-627; 293 NW 770 (1940); see also *In re Tonopah United Water Co*, 16 Del Ch 26, 33; 139 A 762 (1927). Similarly, whether a particular person is a member of a corporate board of directors is generally a question of fact. *Shwiff v City of Dallas*, 327 SW2d 598, 602 (Tex App, 1959). Finally, although the general rule is that "the status of a person as corporate director . . . is presumed to have continued as long as is usual

in the absence of contrary evidence," 2 Fletcher Cyclopedia of the Law of Corporations, § 282, pp 57-58, whether a validly elected corporate director has continued in office presents a question of fact when there is conflicting evidence on the subject, *Sager Spuck Statewide Supply Co, Inc v Meyer*, 273 AD2d 745, 748; 710 NYS2d 429 (2000).

In support of their motion for summary disposition, defendants submitted documentary evidence tending to show that the individuals listed on Exhibit A were never elected to Innovative AFC's board of directors and that the three surviving incorporators remained the sole directors of the corporation until the special meeting of July 14, 2007. As noted previously, defendants submitted several federal tax returns and annual corporate filings, most of which listed Gene Harris, John Ragin, Rene Harris, and Mary Ragin as the only directors of the corporation. Similarly, defendants presented two subsequent corporate filings, both filed after the death of Gene Harris, which listed only John Ragin, Rene Harris, and Mary Ragin as directors of the corporation. Defendants also submitted affidavits in which they averred (1) that the four original incorporators of Innovative AFC were Gene Harris, Rene Harris, John Ragin, and Mary Ragin, (2) that "[t]he four incorporators . . . served as the initial board of directors," (3) that "[u]pon the death of Gene Harris, the remaining three incorporators served as the [b]oard of [d]irectors of the corporation," (4) that "[t]he initial board of directors did not elect any additional directors until July 2007," (5) that defendants had "never voted for any of the persons listed on . . . Exhibit A to plaintiff's complaint," and (6) that defendants had "attended the June 10 meeting only to protest the validity of the meeting."

But plaintiff responded with its own documentary evidence, albeit sparse, tending to establish the existence of a genuine factual dispute concerning the composition of Innovative AFC's board of directors. Although Rene Harris's affidavit was not greatly detailed, it did constitute admissible evidence that David Edwards, George Williamson, Brenda Lester, Priscilla Murrell, Hazel Bartlett, Michelle Johnson, and Julian Watkins had been elected as directors of the corporation sometime in 1999. Specifically, Rene Harris averred that the four original incorporators had met sometime in 1999 and had "unanimously agreed" to elect the individuals listed on Exhibit A to the board of directors of Innovative AFC. Contrary to the ruling of the circuit court, this affidavit did contain sufficient detail to establish the existence of a genuine issue of material fact. See *Bennett v Detroit Police Chief*, 274 Mich App 307, 318-319; 732 NW2d 164 (2007) (holding that a speculative affidavit, which contained mere conjecture, was insufficient to create a genuine issue of material fact for trial). Unlike the affidavit that our Supreme Court found insufficient to establish the existence of a material factual dispute in *Quinto*, Rene Harris's affidavit in this case was not "devoid of detail" and contained more than "mere conclusory allegations . . . ." *Quinto*, 451 Mich at 371.

Furthermore, although most of the federal tax returns and annual corporate filings submitted by defendants listed Gene Harris, John Ragin, Rene Harris, and Mary Ragin as the only directors of Innovative AFC, the annual corporate filing for 2003 listed Gene Harris, Rene Harris, John Ragin, Mary Ragin, Monique Anderson, and Brenda Lester as directors of the corporation. The circuit court completely overlooked this discrepancy in the tax returns and annual corporate filings, ruling that the documents conclusively established that the surviving incorporators

were the sole directors of Innovative AFC. We acknowledge that the overwhelming majority of the tax returns and annual corporate filings appeared to support defendants' position in this case, and that only one of the several federal and state documents submitted to the circuit court referred to directors other than the four original incorporators. But it is well settled that the circuit court may not weigh the evidence or make determinations of credibility when deciding a motion for summary disposition. *Skinner v Square D Co*, 445 Mich 153, 161; 516 NW2d 475 (1994); *White v Taylor Distributing Co, Inc*, 275 Mich App 615, 625; 739 NW2d 132 (2007); *Zurich Ins Co v CCR & Co (On Rehearing)*, 226 Mich App 599, 603; 576 NW2d 392 (1997).

Quite simply, there was conflicting evidence before the circuit court concerning whether the size of the board of directors had ever been expanded before 2007, and whether any additional individuals, beyond the original four incorporators, had ever been elected to the board before 2007. Although the weight of the evidence appears to have favored defendants in this case, the circuit court was not entitled to decide issues of weight or credibility at the summary disposition stage of the proceedings. *Skinner*, 445 Mich at 161. Viewing the documentary evidence in a light most favorable to the nonmoving party as we must, *DeBrow*, 463 Mich at 538-539, we conclude that there remained genuine issues of material fact with respect to the size and membership of Innovative AFC's board of directors and that summary disposition was therefore improperly granted for defendants.

V

Because we have reversed the grant of summary disposition and must remand this matter to the circuit court for

further proceedings, we address one additional issue that may also be relevant on remand. The law in Michigan is that "[a] special meeting held in the absence of some of the directors, without any notice to them as . . . prescribed [in the bylaws], is illegal, and the action of the meeting, although by a majority of the directors, is generally invalid." 6 Michigan Civ Jur, Corporations, § 104, p 199; see also *Broughton v Jones*, 120 Mich 462, 464; 79 NW 691 (1899). If the circuit court[7] determines on remand that the individuals listed on Exhibit A were never elected to the board of directors in 1999, that the action taken at the meeting of June 10, 2007, was void and without effect, and that the three surviving incorporators remained the sole directors of the corporation until July 14, 2007, the court should additionally consider whether Rene Harris ever received proper notice of the meeting of July 14, 2007. If the circuit court concludes that Rene Harris did not receive proper notice of the meeting of July 14, 2007, it should also determine, before declaring the rights and legal relations of the parties, what effect, if any, this lack of notice may have had on the validity of the actions taken by defendants at the meeting of July 14, 2007.

## VI

In sum, because there remained genuine issues of material fact with respect to the size and membership of

---

[7] A party may request that a jury resolve the disputed issues of fact in a declaratory-judgment action if a jury trial would be otherwise provided for by law. *Comm'r of Ins v Michigan State Accident Fund Advisory Bd*, 173 Mich App 566, 586; 434 NW2d 433 (1988). However, the party must make a timely jury demand "under the circumstances and in the manner provided in the constitution, statutes, and court rules of the State of Michigan." MCR 2.605(B). There was no jury demand filed in this case by either party. See MCR 2.508(B). Accordingly, this action must be tried without a jury on remand. MCR 2.509(B).

Innovative AFC's board of directors, the circuit court erred by granting summary disposition for defendants.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.