*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* ESTATE OF PATRICIA ANN BEAN.

---

AUDREY WHITFIELD, Individually and as
Personal Representative of the ESTATE OF
PATRICIA ANN BEAN,

      Plaintiff-Appellee,

v

ASCENSION HEALTH, ST. JOHN PROVIDENCE,
doing business as ST. JOHN HEALTH SYSTEM,
EASTPOINTE RADIOLOGISTS, PC, and DR.
PIERRE A. ZAYAT,

      Defendants,

and

ASCENSION ST. JOHN HOSPITAL, doing
business as ST. JOHN HOSPITAL & MEDICAL
CENTER,

      Defendant-Appellant.

UNPUBLISHED
July 22, 2021

No. 353960
Wayne Circuit Court
LC No. 18-015354-NH

---

Before: TUKEL, P.J., and SAWYER and CAMERON, JJ.

PER CURIAM.

In this medical malpractice and wrongful death action, defendant Ascension St. John Hospital, doing business as St. John Hospital & Medical Center (the hospital), appeals a June 1, 2020 order, which denied the hospital's motion for summary disposition. We reverse and remand for further proceedings consistent with this opinion.

-1-

## I. BACKGROUND

On December 12, 2015, Patricia Ann Bean (Bean) was brought to the hospital by ambulance because of pain and weakness in her legs. Bean also had shortness of breath. She was admitted to the hospital, and diagnostic testing was performed. It was discovered that Bean had a mass in her right lung. A bronchoscopy was performed, but it did not yield diagnostic results. It was recommended that Bean "undergo a CT Core Biopsy to rule out carcinoma versus pneumonitis." Defendant Dr. Pierre Zayat, who worked for defendant Eastpointe Radiologists, PC, was contacted. On December 21, 2015, Dr. Zayat performed the biopsy at the hospital using a large-gauge needle. A short period of time after the procedure was complete, Bean "arrested" and died.

In December 2018, Audrey Whitfield, individually and as the personal representative of the Estate of Patricia Ann Bean, filed a complaint. The complaint named, in relevant part, Dr. Zayat, Eastpointe Radiologists, and the hospital.[1] The complaint alleged that Dr. Zayat performed "an unnecessary, unindicated and negligently performed CT guided core biopsy of [Bean's] lung mass" at the hospital. According to Whitfield, the large-gauge needle used to perform the biopsy injured one of the "large pulmonary blood vessels" that was located near the mass, causing severe bleeding, "cardiopulmonary arrest," and Bean's death. Whitfield also alleged that Eastpointe Radiologists and the hospital were vicariously liable for Dr. Zayat's negligence. Whitfield further alleged that, as an heir-at-law, she sustained economic and noneconomic damages. The hospital, Dr. Zayat, and Eastpointe Radiologists answered the complaint and generally denied liability.

Before the close of discovery, the hospital moved for summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact), arguing that Dr. Zayat was not employed by the hospital and that Whitfield could not show an ostensible agency relationship between the hospital and Dr. Zayat. Whitfield opposed the motion, arguing that a genuine issue of material fact existed as to whether there was an ostensible agency. Whitfield also argued that summary disposition was premature because discovery was ongoing. On June 1, 2020, the trial court denied the hospital's motion without oral argument and without explanation. The hospital filed an interlocutory application for leave to appeal, and this Court granted leave. *Estate of Patricia Ann Bean v Ascension Health*, unpublished order of the Court of Appeals, entered September 22, 2020 (Docket No. 353960).

## II. STANDARD OF REVIEW

"We review de novo a trial court's decision on a motion for summary disposition." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019).

> A motion under MCR 2.116(C)(10) . . . tests the factual sufficiency of a claim. When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the

---

[1] The complaint also named Ascension Health and St. John Providence, doing business as St. John Health System. However, the parties later stipulated to dismiss Ascension Health and St. John Providence as parties to the action.

-2-

motion. A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact. A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ. [*Id*. at 160 (quotation marks, citations, and emphasis omitted).]

"Courts are liberal in finding a factual dispute sufficient to withstand summary disposition." *Innovative Adult Foster Care, Inc v Ragin*, 285 Mich App 466, 476; 776 NW2d 398 (2009) (citation omitted).

## III. ANALYSIS

The hospital argues that the trial court erred by denying its motion for summary disposition because Whitfield failed to show that a question of fact existed as to whether there was an ostensible agency relationship between the hospital and Dr. Zayat. We agree.

In *Grewe v Mt Clemens Gen Hosp*, 404 Mich 240, 250; 273 NW2d 429 (1978), our Supreme Court held that, "[g]enerally speaking, a hospital is not vicariously liable for the negligence of a physician who is an independent contractor and merely uses the hospital's facilities to render treatment to his patients." A hospital will not be held vicariously liable for the actions of medical personnel who are independent contractors unless an ostensible agency relationship is shown. *VanStelle v Macaskill*, 255 Mich App 1, 10; 662 NW2d 41 (2003).

[T]he following three elements . . . are necessary to establish the creation of an ostensible agency: (1) the person dealing with the agent must do so with belief in the agent's authority and this belief must be a reasonable one, (2) the belief must be generated by some act or neglect on the part of the principal sought to be charged, and (3) the person relying on the agent's authority must not be guilty of negligence. [*Chapa v St Mary's Hosp of Saginaw*, 192 Mich App 29, 33-34; 480 NW2d 590 (1991).]

Critically, a hospital will not be held vicariously "liable for the malpractice of independent contractors merely because the patient 'looked to' the hospital at the time of admission or even was treated briefly by an actual nonnegligent agent of the hospital." *VanStelle*, 255 Mich App at 10 (quotation marks and citation omitted). Furthermore, an ostensible agency will not arise simply because the plaintiff went to the hospital for care or because a physician used the hospital's facilities to treat the plaintiff. *Id*. at 11. Rather, "the defendant as the putative principal must have done something that would create in the patient's mind the reasonable belief that the doctors were acting on behalf of the defendant hospital." *Id*. at 10.

In this case, Bean is deceased and cannot testify about her beliefs. The testimony of Bean's family members does not support that Bean believed that Dr. Zayat was employed by the hospital. Dr. Zayat testified that he had no memory of Bean and that he did not recall anything that he may have said to her. Thus, there is no evidence to support Whitfield's claim that Bean harbored a belief that Dr. Zayat was acting as a hospital employee when he performed her biopsy. Even if there was evidence that Bean had held such a belief, it would not have been reasonable because Bean signed a consent form that placed her on notice that some of the physicians in the hospital were independent contractors and were not the hospital's agents or employees. Indeed, the consent

form explicitly disavowed that all physicians were hospital employees. The fact that Bean had the biopsy performed at the hospital was immaterial. See *VanStelle*, 255 Mich App at 10. Therefore, we conclude that Whitfield failed to establish that a genuine issue of material fact existed as to whether an ostensible agency relationship existed between the hospital and Dr. Zayat.

In so holding, we acknowledge that Whitfield correctly notes that discovery was ongoing at the time the motion was denied. "Generally, a motion for summary disposition is premature if granted before discovery on a disputed issue is complete. However, summary disposition may nevertheless be appropriate if further discovery does not stand a reasonable chance of uncovering factual support for the opposing party's position." *Peterson Novelties, Inc v Berkley*, 259 Mich App 1, 24-25; 672 NW2d 351 (2003) (citations omitted). "[A] party opposing summary disposition cannot simply state that summary disposition is premature without identifying a disputed issue and supporting that issue with independent evidence." *Marilyn Froling Revocable Living Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 292; 769 NW2d 234 (2009).

While Whitfield is correct that discovery was ongoing at the time the trial court denied the hospital's motion, Whitfield does not explain what evidence would support that Bean reasonably believed that Dr. Zayat was an employee or agent of the hospital. Nor can we discern what evidence could have been uncovered. Indeed, when the motion for summary disposition was denied on June 1, 2020, the case had been pending for over 17 months and discovery was scheduled to close on June 11, 2020. Whitfield, two other member of Bean's family, and Dr. Zayat had already been deposed. None of these individuals were able to provide testimony to support Whitfield's ostensible agency argument. Moreover, given that the consent form specifically indicated that not everyone who directed Bean's treatment was an employee or agent of the hospital, we fail to see how any belief on the part of Bean could be considered reasonable. Consequently, because further discovery did not stand a reasonable chance of uncovering factual support for Whitfield's position, summary disposition was not premature. The trial court erred by denying the hospital's motion for summary disposition.[2]

Reversed and remanded for entry of an order granting summary disposition in favor of the hospital. We do not retain jurisdiction.

/s/ Jonathan Tukel
/s/ David H. Sawyer
/s/ Thomas C. Cameron

---

[2] Whitfield argues that agency is always a question of fact for the jury and cites *Grewe*, 404 Mich at 253, to support this argument. However, the *Grewe* Court did not specifically hold that summary disposition on a claim of ostensible agency is never proper. Rather, the *Grewe* Court indicated that it found certain California case law on the issue of ostensible agency to be "enlightening" and quoted a large portion of *Stanhope v Los Angeles College of Chiropractic*, 54 Cal App 2d 141, 146; 128 P2d 705 (1942). *Grewe*, 404 Mich at 252-253. Although a portion of the *Stanhope* case that was cited provided that "[a]gency is always a question of fact for the jury," *Stanhope*, 54 Cal App 2d at 146, there is no indication that the *Grewe* Court adopted this statement.