*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JOSEPH DAVIS, SR.,

    Plaintiff,

and

VHS OF MICHIGAN, INC., doing business as
DETROIT MEDICAL CENTER,

    Intervening Plaintiff-Appellant,

v

METLIFE INSURANCE COMPANY and
MICHIGAN AUTOMOBILE INSURANCE
PLACEMENT FACILITY,

    Defendants-Appellees.

UNPUBLISHED
January 19, 2023

No. 359313
Wayne Circuit Court
LC No. 21-007401-NF

JOSEPH DAVIS, SR.,

    Plaintiff-Appellant,

and

VHS OF MICHIGAN, INC., doing business as
DETROIT MEDICAL CENTER,

    Intervening Plaintiff,

v

No. 360265
Wayne Circuit Court

-1-

METLIFE INSURANCE COMPANY and          LC No.   21-007401-NF
MICHIGAN AUTOMOBILE INSURANCE
PLACEMENT FACILITY,

                    Defendants-Appellees.
_____

Before:  CAVANAGH, P.J., and O'BRIEN and Rick, JJ.

PER CURIAM.

        In Docket No. 359313, intervening plaintiff, VHS of Michigan, Inc., doing business as Detroit Medical Center, appeals as of right the order granting summary disposition in favor of defendants, MetLife Insurance Company (defendant MetLife) and Michigan Automobile Insurance Placement Facility (defendant MAIPF).  In Docket No. 360265, plaintiff, Joseph Davis Sr. (plaintiff Davis), appeals by delayed leave granted the same order granting summary disposition in favor of defendants.  We affirm.

I.  BACKGROUND

        Plaintiff Davis sustained injuries when he was involved in a motor vehicle accident while driving a vehicle owned by his girlfriend, Regina Edwards.  Plaintiff Davis received medical treatment for his injuries at intervening plaintiff's facility.

        Defendant MetLife insured Edwards's vehicle.  As part of its investigation into plaintiff Davis's eligibility for no-fault insurance coverage, defendant MetLife requested that plaintiff Davis participate in an examination under oath (EUO).  Plaintiff Davis stated during the EUO that at the time of the accident in June 2020 he lived with his mother and his stepfather.  He did not have a driver's license and had not owned a vehicle for 10 years.  Plaintiff Davis stated that he would drive Edwards's vehicle once per week before the accident occurred.  On the day of the accident, plaintiff Davis became impatient while waiting for Edwards to return to her home to drive him to the store.  Plaintiff Davis took the keys for Edwards's vehicle from a table in Edwards's house and "went to do what [he] had to do."  Plaintiff Davis stated that Edwards called him and asked where he had taken her vehicle.  According to plaintiff Davis, he and Edwards argued and Edwards "was mad and upset that I took the car."  The accident occurred when plaintiff Davis was on his way to return the vehicle to Edwards.  In response to the question whether he had permission to operate Edwards's vehicle at the time of the accident, plaintiff Davis replied, "No, not that day I didn't."

        Defendant MetLife denied plaintiff Davis's claim for no-fault insurance benefits under MCL 500.3113(a) because it determined that at the time of the accident plaintiff Davis was willingly operating a motor vehicle that was taken unlawfully.  Defendant MetLife also denied the claim because other insurance coverage was reportedly available to plaintiff Davis through relatives in his household.  Defendant MAIPF also denied plaintiff Davis's claim for no-fault insurance benefits on the ground that plaintiff Davis had no-fault insurance benefits through relatives in his household.

Plaintiff Davis filed a complaint alleging breach of contract for MetLife's unreasonable refusal to pay personal protection insurance (PIP) benefits and for MAIPF's failure to appoint an insurer to immediately pay no-fault insurance benefits owed to him. Intervening plaintiff also filed a complaint alleging that it was entitled to reimbursement for all reasonable charges incurred for the services and products provided for plaintiff Davis's care, recovery, or rehabilitation arising out of the subject accident.

Defendant MAIPF filed an answer to plaintiff Davis's and intervening plaintiff's complaints, denying that it unreasonably refused payment of no-fault insurance benefits. Defendant MetLife moved for summary disposition under MCR 2.116(C)(8) and (10) in lieu of answering the complaints, arguing that plaintiff Davis was not entitled to no-fault benefits because there was no genuine issue of material fact that plaintiff Davis took and operated Edwards's vehicle unlawfully at the time of the subject accident. Defendant MAIPF concurred with defendant MetLife's motion. In response to the motion, intervening plaintiff and plaintiff Davis asserted that a question of fact existed regarding whether plaintiff Davis was "prohibited" from taking Edwards's vehicle on the date of the accident.

The trial court, after a hearing, granted defendants' motion for summary disposition and dismissed plaintiffs' claims. The court found that there was no evidence that plaintiff Davis had Edwards's permission to use the vehicle on the date of the accident. The court concluded that under MCL 500.3113(a), plaintiff Davis was disqualified from receiving PIP benefits because he willingly operated a vehicle that was unlawfully taken, and he knew or should have known that the vehicle was unlawfully taken.[1]

## II. STANDARD OF REVIEW

"This Court reviews de novo a trial court's decision on a motion for summary disposition." *Powell-Murphy v Revitalizing Auto Communities Environmental Response Trust*, 333 Mich App 234, 242; 964 NW2d 50 (2020) (citation omitted). Although the trial court did not specify the grounds for granting defendant MetLife's motion for summary disposition, it relied on documentary evidence to support its decision. Accordingly, MCR 2.116(C)(10) is the appropriate basis for review. *BC Tile & Marble, Inc v Multi Bldg Co, Inc*, 288 Mich App 576, 582; 794 NW2d

---

[1] The trial court denied plaintiff Davis's motion for reconsideration, which asserted that the trial court granted defendants' motion without any development of facts regarding whether plaintiff Davis took Edwards's vehicle unlawfully. Plaintiff Davis asserted that the appropriate question when determining whether the vehicle was taken unlawfully was not whether plaintiff Davis had permission to take the vehicle but, rather, whether plaintiff Davis committed a criminal act when he took the vehicle. Plaintiff attached to his motion an affidavit signed by Edwards and an affidavit signed by himself. Any reliance that intervening plaintiff or plaintiff Davis place on the affidavits in support of their arguments on appeal is misplaced because the affidavits were not signed until November 2, 2021, which was after the hearing on defendants' motion for summary disposition. The affidavits were not presented to the trial court until November 24, 2021, which was after the court had entered the November 5, 2021 order granting summary disposition in favor of defendants.

76 (2010). The trial court granted summary disposition in favor of defendant MAIPF under MCR 2.116(I)(2). Because defendant MAIPF concurred in defendant MetLife's motion for summary disposition, in analyzing the trial court's decision to grant summary disposition under MCR 2.116(I)(2), we will utilize the standard of review that applies to a motion under MCR 2.116(C)(10).

A trial court may properly grant a motion for summary disposition under MCR 2.116(C)(10) "when the affidavits or other documentary evidence, viewed in the light most favorable to the nonmoving party, show that there is no genuine issue as to any material fact and the moving party is therefore entitled to judgment as a matter of law." *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 5; 890 NW2d 344 (2016). "If the moving party properly supports his or her motion, the burden shifts to the nonmoving party to establish that a genuine issue of material fact exists." *Redmond v Heller*, 332 Mich App 415, 438; 957 NW2d 357 (2020). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Id*. (quotation marks and citation omitted). "Where the burden of proof at trial on a dispositive issue rests on a nonmoving party, the nonmoving party may not rely on mere allegations or denials in pleadings, but must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists." *Lowrey*, 500 Mich at 7, quoting *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996) (quotation marks omitted). "If the opposing party fails to present documentary evidence establishing the existence of a material factual dispute, the motion is properly granted." *Lowrey*, 500 Mich at 7, quoting *Quinto*, 451 Mich at 363 (quotation marks omitted). This Court's "review is limited to the evidence that had been presented to the circuit court at the time the motion was decided." *Innovative Adult Foster Care, Inc v Ragin*, 285 Mich App 466, 475-476; 776 NW2d 398 (2009).

## III. ANALYSIS

Plaintiff Davis and intervening plaintiff argue that the trial court erred by granting summary disposition in favor of defendants because a genuine issue of material fact remained regarding whether plaintiff Davis unlawfully took Edwards's vehicle.

At issue here is MCL 500.3113(a), which bars recovery for PIP benefits if, at the time of the accident, "[t]he person was willingly operating or willingly using a motor vehicle that was taken unlawfully, and the person knew or should have known that the motor vehicle was taken unlawfully." For no-fault insurance benefits to be barred under MCL 500.3113(a), plaintiff Davis must have (1) willingly operated or used Edwards's vehicle, (2) taken Edwards's vehicle unlawfully, and (3) known or should have known that Edwards's vehicle was taken unlawfully. The first element is not in dispute in this case.

Regarding the second element, in *Spectrum Health Hosps v Farm Bureau Mut Ins Co of Mich*, 492 Mich 503, 516-517; 821 NW2d 117 (2012), the Court interpreted the phrase "taken unlawfully"[2] in the context of MCL 500.3113(a):

> In determining the Legislature's intended meaning of the phrase "taken unlawfully," we must accord the phrase its plain and ordinary meaning, and we may consult dictionary definitions because the no-fault act does not define the phrase. The word "unlawful" commonly means "not lawful; contrary to law; illegal," and the word "take" is commonly understood as "to get into one's hands or possession by voluntary action." When the words are considered together, the plain meaning of the phrase "taken unlawfully" readily embraces a situation in which an individual gains possession of a vehicle contrary to Michigan law. [Citations omitted.]

The *Spectrum* Court went on to explain two examples of a taking "contrary to Michigan law":

> The Michigan Penal Code contains several statutes that prohibit "takings," including two that prohibit "joyriding," MCL 750.413 and MCL 750.414. MCL 750.413 states that "[a]ny person who shall, wilfully and without authority, take possession of and drive or take away . . . any motor vehicle, belonging to another, shall be guilty of a felony . . . ." Similarly, MCL 750.414 provides in pertinent part that "[a]ny person who takes or uses without authority any motor vehicle without intent to steal the same, or who is a party to such unauthorized taking or using, is guilty of a misdemeanor . . . ." Thus, both joyriding statutes make it unlawful to take any motor vehicle without authority, effectively defining an unlawful taking of a vehicle as that which is unauthorized. [*Id.* at 517-518 (citations omitted).]

"Because a taking does not have to be larcenous to be unlawful, the phrase 'taken unlawfully' in MCL 500.3113(a) applies to *anyone* who takes a vehicle without the authority of the owner." *Id.* at 518. Thus, "any person who takes a vehicle contrary to a provision of the Michigan Penal Code—including MCL 750.413 and MCL 750.414, informally known as the 'joyriding' statutes—has taken the vehicle unlawfully within the meaning of MCL 500.3113(a)." *Id.* at 537. See also *Ahmed v Tokio Marine America Ins Co*, 337 Mich App 1, 10-11; 972 NW2d 860 (2021) (stating that "[a]s used in MCL 500.3113(a), the word 'unlawfully' means contrary to the criminal law, for example, any violation of the Michigan Penal Code."). The relevant inquiry into the determination of an unlawful taking is whether the taking was "without authority."

---

[2] While the operative language in MCL 500.3113(a)—"taken unlawfully"—has not changed since *Spectrum*, other parts of that statute have changed. When *Spectrum* was decided, MCL 500.3113(a) stated that a person was not entitled to PIP benefits if the person "was using a motor vehicle or motorcycle which he or she had taken unlawfully, unless the person reasonably believed that he or she was entitled to take and use the vehicle."

MCL 500.3113(a) "examines the legality of the taking from the *driver's* perspective . . . . ." *Id.* at 522.

We agree with the trial court that there was no question of fact that plaintiff Davis's taking of Edwards's vehicle was without authority. Plaintiff Davis took the keys to Edwards's vehicle and drove off. When asked whether he had permission to operate Edwards's vehicle at the time of the accident, plaintiff Davis stated, "No, not that day I didn't." There is nothing in the record to support that plaintiff Davis had permission to take and use the vehicle, and reasonable minds could not differ that his taking of the vehicle on the night of the accident was without authority and was, therefore, an unlawful taking.[3]

The third element of MCL 500.3113(a) requires looking at plaintiff Davis's state of mind and whether he "knew or should have known" that the vehicle was taken without authority. Under the facts of this case, no reasonable juror could conclude that plaintiff Davis did not know that he took the vehicle without authority. By his own statement, plaintiff Davis did not have permission to take the vehicle, and so he knew that his taking of the vehicle was unauthorized. Reasonable minds could not disagree that plaintiff Davis knew or should have known that he was using the vehicle unlawfully—since he was the one who knowingly took it without authorization, and so the requirement in MCL 500.3113(a) that "the person knew or should have known that the motor vehicle . . . was taken unlawfully" is satisfied.

Accordingly, the evidence, viewed in the light most favorable to plaintiffs, showed that the vehicle was taken unlawfully by plaintiff Davis, and that plaintiff Davis knew the vehicle was taken unlawfully, leaving no genuine issue of fact for a jury to consider. Consequently, under MCL 500.3113(a), plaintiff Davis is not eligible for PIP benefits, and the trial court did not err by granting summary disposition in favor of defendant MetLife.

Finally, plaintiff Davis and intervening plaintiff are barred from recovering no-fault insurance benefits through defendant MAIPF under MCL 500.3173. MCL 500.3173 provides:

A person who because of a limitation or exclusion in sections 3105 to 3116 . . . is disqualified from receiving personal protection insurance benefits under a policy otherwise applying to his accidental bodily injury is also disqualified from receiving benefits under the assigned claims plan.

Because, under MCL 500.3173, an individual who is disqualified from receiving no-fault insurance benefits under an insurance policy pursuant to MCL 500.3113 is also disqualified from receiving no-fault insurance benefits under the assigned claims plan, neither plaintiff Davis, nor

---

[3] Contrary to plaintiff Davis's and intervening plaintiff's assertions, MCL 500.3113(a) does not require a vehicle to be taken against the express prohibition of the vehicle's owner. In *Spectrum*, the Court considered "whether a person injured while driving a motor vehicle that the person had taken contrary to the express prohibition of the owner may avail himself or herself of" no-fault insurance benefits. *Spectrum*, 492 Mich at 508. However, the Court did not establish a requirement that a vehicle owner must expressly prohibit the use of the vehicle for a taking to be unlawful under MCL 500.3113(a).

intervening plaintiff, can recover no-fault insurance benefits through defendant MAIPF. Thus, the trial court also did not err by granting summary disposition in favor of defendant MAIPF.

Affirmed. Defendants, being the prevailing party, may tax costs pursuant to MCR 7.219.

/s/ Mark J. Cavanagh
/s/ Colleen A. O'Brien
/s/ Michelle M. Rick