*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DAITRAL R. BIGGS,

Plaintiff-Appellant,

v

USA UNDERWRITERS, LLC and RYAN D. CORNELIUS,

Defendants-Appellees.

UNPUBLISHED
January 24, 2025
10:30 AM

No. 368235
Wayne Circuit Court
LC No. 22-004318-NI

Before: FEENEY, P.J., and SWARTZLE and CAMERON, JJ.

PER CURIAM.

Plaintiff, Daitral R. Biggs, appeals as of right the trial court's order granting summary disposition in favor of defendants, USA Underwriters, LLC (Underwriters) and Ryan D. Cornelius under MCR 2.116(C)(10) (no genuine question of material fact).[1] We affirm.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff and Cornelius were involved in a car accident on November 17, 2021. The collision occurred when Cornelius failed to stop at red light and struck plaintiff's car as she was traveling through an intersection. Underwriters was plaintiff's automobile insurer at the time, but it later rescinded plaintiff's insurance policy *ab initio* because plaintiff allegedly made material misrepresentations in her application for insurance.

Plaintiff filed the complaint in this case, alleging third-party liability against Cornelius, and seeking personal protection insurance (PIP) benefits under the no-fault act, MCL 500.3101 *et seq*., from Underwriters. Underwriters moved for summary disposition under MCR 2.116(C)(10), claiming there was no genuine dispute of fact that plaintiff made the material misrepresentations and therefore, it was justified in rescinding the policy. Plaintiff responded, disputing these claims.

---

[1] Cornelius also moved for summary disposition under MCR 2.116(C)(8) (failure to state a claim), but the trial court granted summary disposition under MCR 2.116(C)(10).

The trial court denied summary disposition, telling Underwriters it needed to present evidence showing that, but for the material misrepresentations, it would have denied plaintiff's application for insurance.

Underwriters again moved for summary disposition under MCR 2.116(C)(10), including the necessary documentation. Cornelius also moved for summary disposition under MCR 2.116(C)(10) on the basis of plaintiff's material misrepresentations. Plaintiff did not respond to either motion for summary disposition, nor did she appear at oral argument. The trial court granted summary disposition in defendants' favor. This appeal followed.

## II. STANDARD OF REVIEW

A trial court's grant or denial of a motion for summary disposition is reviewed de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). Motions for summary disposition under MCR 2.116(C)(10) test the factual sufficiency of the complaint. *Id*. at 120. Under the burden-shifting framework of this court rule:

> [T]he moving party has the initial burden of supporting its position by affidavits, depositions, admissions, or other documentary evidence. The burden then shifts to the opposing party to establish that a genuine issue of disputed fact exists. Where the burden of proof at trial on a dispositive issue rests on a nonmoving party, the nonmoving party may not rely on mere allegations or denials in pleadings, but must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists. If the opposing party fails to present documentary evidence establishing the existence of a material factual dispute, the motion is properly granted. [*Quinto v Cross & Peters Co*, 451 Mich 358, 362-363; 547 NW2d 314 (1996) (citations omitted).]

A court's review of a motion for summary disposition need only consider the evidence identified by the parties, see *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 377; 775 NW2d 618 (2009), and this Court's review is limited to the evidence presented in the proceedings below, *Innovative Adult Foster Care, Inc v Ragin*, 285 Mich App 466, 475-476; 776 NW2d 398 (2009).

## III. WAIVER

Michigan follows "the 'raise or waive' rule of appellate review." *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, 347 Mich App 280, 289; ___ NW3d ___ (2023). "To preserve an issue, the party asserting error must demonstrate that the issue was raised in the trial court[,]" and that "the same basis for the error claimed on appeal was brought to the trial court's attention." *Id*. at ___; slip op at 2-3. If an issue is not properly preserved, "this Court has no obligation to consider the issue." *Id*. at ___; slip op at 3. "However, this Court may overlook preservation requirements if the failure to consider the issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented." *Id*. (quotation marks and citations omitted).

Plaintiff did not respond to the motions for summary disposition at issue, nor did she appear at oral argument on the matter. She contends on appeal we should overlook her failures and consider her substantive arguments. We decline to do so because her arguments challenging the trial court's order are waived for our review.

Were we to consider the issue, we would conclude the trial court did not err in granting defendants' motions for summary disposition. MCR 2.116(G)(4) states:

> (4) A motion under subrule (C)(10) must specifically identify the issues as to which the moving party believes there is no genuine issue as to any material fact. When a motion under subrule (C)(10) is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his or her pleading, but must, by affidavits or as otherwise provided in this rule, set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, judgment, if appropriate, shall be entered against him or her.

The directive of MCR 2.116(G)(4) that judgment "shall"[2] be entered against a nonresponsive adverse party is clear. See *Nastal v Henderson & Assoc Investigations, Inc*, 471 Mich 712, 725; 691 NW2d 1 (2005) (concluding the trial court was required to grant summary disposition because the plaintiff failed to rebut the defendant's proffered evidence). Here, the trial court was obligated to enter judgment in defendants' favor given plaintiff's failure to respond to the motions for summary disposition.

Affirmed.

/s/ Kathleen A. Feeney
/s/ Brock A. Swartzle
/s/ Thomas C. Cameron

---

[2] See *Ellison v Dep't of State*, 320 Mich App 169, 180; 906 NW2d 221 (2017) ("The term 'shall' is mandatory.").