**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED JANUARY 17, 2001**

PAUL DeBROW,

Plaintiff-Appellant,

v                                                          No. 114615

CENTURY 21 GREAT LAKES INC.,
CENTURY FRANCHISE ASSOCIATION,
and KATHY MILLER,

Defendants-Appellees,

and

PATRICIA COMBS and DENNIS DROPIC,

Defendants.

_____

PER CURIAM

After the plaintiff was fired from his job, he sued his former employer and others. He alleged seven species of misconduct, including age discrimination. The circuit court granted summary disposition in favor of the defendants, and the Court of Appeals has twice affirmed. Because the plaintiff has shown enough to prosecute a claim of age discrimination, we reverse in part the judgments of the Court of Appeals and the circuit court.

I

At the age of forty-eight, plaintiff Paul DeBrow was removed from an executive position in the Century 21 real estate network.[1]  He sued his former employer,[2] alleging wrongful discharge and unlawful discrimination.[3]

When the employer moved for summary disposition, the circuit court granted the motion and denied rehearing.  The Court of Appeals affirmed[4] over the partial dissent of Justice YOUNG, who was a member of the panel.

On application to this Court, we remanded the case to the Court of Appeals for reconsideration in light of *Lytle v Malady (On Rehearing)*, 458 Mich 153; 579 NW2d 906 (1998).[5]

---

[1] Mr. DeBrow was employed by Century 21 Great Lakes, Inc. From materials at hand, it appears the Century 21 has a three-tiered organizational structure.  Century 21 Real Estate Corporation is a nationwide company that franchises its system and trademarks to regional organizations such as Mr. DeBrow's former employer.  In turn, Century 21 Great Lakes arranges for individual brokers to become Century 21 franchisees.  We are told that Century 21 Great Lakes handled franchises in Michigan, Ohio, and parts of two other states.

[2] The plaintiff was apparently offered other employment by Century 21 Great Lakes.  He declined the offer, however, and proceeded on the basis that his employment had been terminated.

[3] In an amended complaint, he added claims against four other defendants (three individuals and an association of Century 21 franchisees).  The Court of Appeals has affirmed the circuit court's decision to grant summary disposition in favor of these additional defendants.

[4] Unpublished per curiam opinion, issued August 13, 1996 (Docket No. 161048).

[5] 459 Mich 899 (1998).  In this opinion, the portions of *Lytle* on which we rely were supported by a majority of this

After the Court of Appeals again affirmed,[6] the plaintiff filed another application for leave to appeal in the Supreme Court.

## II

This opinion will focus on a single issue. Did the circuit court err when it granted the former employer's motion for summary disposition[7] with regard to the claim that it unlawfully discriminated against the plaintiff on the basis of age?

In this instance, summary disposition was granted under MCR 2.116(C)(10). Such a motion tests the factual support of a plaintiff's claim, and is subject to de novo review. *Harts v Farmers Ins Exchange*, 461 Mich 1, 5; 597 NW2d 47 (1999); *Smith v Globe Life Ins Co*, 460 Mich 446, 454; 597 NW2d 28 (1999).

In its initial opinion of affirmance, the Court of Appeals discussed this case in light of the shifting burdens of proof commonly applied in employment-discrimination cases. The second opinion of the Court of Appeals used a similar analysis. This approach has its roots in *McDonnell Douglas Corp v Green*, 411 US 792, 802-805; 93 S Ct 1817; 36 L Ed 2d

Court. See the partial concurrence of former Chief Justice MALLETT, 458 Mich 186.

[6] Unpublished per curiam opinion, issued April 13, 1999 (Docket No. 161048).

[7] MCR 2.116(C)(10).

3

668 (1973), and has been employed in countless subsequent decisions.

The *McDonnell Douglas* approach was adopted because many plaintiffs in employment-discrimination cases can cite no direct evidence of unlawful discrimination. The courts therefore allow a plaintiff to present a rebuttable prima facie case on the basis of proofs from which a factfinder could *infer* that the plaintiff was the victim of unlawful discrimination.[8]

The present case falls outside that common pattern,

---

[8] Writing in the context of a plaintiff's claim that an employer refused to rehire a laid-off employee because of racial animus, the U.S. Supreme Court formulated in *McDonnell Douglas* four elements that compose a prima facie case of racial discrimination. 411 US 802. The four factors have been restated, in more general terms, for use in cases involving, inter alia, claims of age discrimination:

> To establish a prima facie case of [age] discrimination, plaintiff must prove by a preponderance of the evidence that (1) she was a member of the protected class; (2) she suffered an adverse employment action, in this case, demotion and then discharge; (3) she was qualified for the position; but (4) she was discharged under circumstances that give rise to an inference of unlawful discrimination. [*Lytle*, 458 Mich 172-173, 177.]

Both the U.S. Supreme Court and this Court have cautioned that these factors are "not to be applied mechanically, but with due deference to the unique facts of the individual case." 458 Mich 173, n 19; see also 411 US 802, n 13.

If the plaintiff submits such a prima facie case, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for its action. 458 Mich 173-174; 411 US 802. Upon such a showing, the burden returns to the plaintiff to show that the employer's stated reason for its action was actually a mere pretext. 458 Mich 174; 411 US 804.

however. Here, the plaintiff has direct evidence of unlawful age discrimination. The plaintiff testified during his deposition that, in the conversation in which he was fired, his superior told him that he was "getting too old for this shit." We recognize that this remark may be subject to varying interpretations. It might reasonably be taken as merely an expression of sympathy that does not encompass a statement that the plaintiff's age was a motivating factor in removing him from his position as an executive. However, it is well established that, in reviewing a decision on a motion for summary disposition under MCR 2.116(C)(10), we must consider the documentary evidence presented to the trial court "in the light most favorable to the nonmoving party." *Harts v Farmers Ins Exchange, supra* at 5. According to the plaintiff's deposition testimony, the remark was made during the conversation in which the plaintiff's superior informed him that he was being fired. Considered in the light most favorable to the plaintiff, this remark could be taken as a literal statement that the plaintiff was "getting too old" for his job and this was a factor in the decision to remove him from his position. While a factfinder might be convinced by other evidence regarding the circumstances of the plaintiff's removal that it was not motivated in any part by the plaintiff's age and that the facially incriminating remark was no more than an expression of sympathy, such weighing of evidence is for the factfinder, not for this Court in

5

reviewing a grant of a motion for summary disposition.

The shifting burdens of proof described in *McDonnell Douglas* are not applicable if a plaintiff can cite direct evidence of unlawful discrimination. *Trans World Airlines, Inc v Thurston*, 469 US 111, 121; 105 S Ct 613; 83 L Ed 2d 523 (1985).

This point was well explained by Justice Young in his dissent from the first opinion of the Court of Appeals. We agree with his analysis, set forth below, and adopt it as our own.

> Intentional discrimination can be proven by direct and circumstantial evidence. *Lytle v Malady*, 209 Mich App 179, 185; 530 NW2d 135 (1995).[9] Where direct evidence is offered to prove discrimination, a plaintiff is not required to establish a prima facie case within the *McDonnell Douglas*[1] framework, and the case should proceed as an ordinary civil matter. *Trans World Airlines v Thurston*, 469 US 111, 121; 105 S Ct 613; 83 L Ed 2d 523 (1985); *Matras v Amoco Oil Co*, 424 Mich 675, 683-684; 385 NW2d 586 (1986); *Lytle*, *supra*, 209 Mich App 186, n 3. The shifting burden of proofs as contemplated in *McDonnell Douglas* and *Burdine*[2] only apply to discrimination claims based solely on indirect or circumstantial evidence of discrimination.[3] *Thurston*, *supra*, 469 US 121; *Lytle*, *supra*, 209 Mich App 185.
>
> Plaintiff testified in his deposition that when he was being removed as president, his superior, Century 21's Great Lakes Executive Vice President, Robert Hutchinson, told plaintiff "you're too old for this shit." This statement is direct evidence of age animus. Moreover, because

---

[9] Justice Young's partial dissent was authored in 1996, before this Court decided *Lytle* on appeal, 456 Mich 1; 566 NW2d 582 (1997), and on rehearing, 458 Mich 153; 579 NW2d 906 (1998).

it was allegedly made in the context of the discussion in which plaintiff was informed that he was being removed as president, it bears directly on the intent with which his employer acted in choosing to demote him.

The [Court of Appeals] majority ignores this evidence as unworthy of credibility. Neither this court nor the trial court can make factual findings or weigh credibility in deciding a motion for summary disposition. *Manning v Hazel Park*, 202 Mich App 685, 689; 509 NW2d 874 (1993). This evidence cannot be ignored in the context of a motion for summary disposition and precludes, in my judgment, dismissal of the plaintiff's age claim. See *Lytle*, *supra*, 209 Mich App 187-188. Clearly, the statement by Vice President Hutchinson, if believed by the trier of fact, suggests that plaintiff's age was *a factor* in the mind of his employer at the point plaintiff was removed from his position. See *Matras*, *supra*, 424 Mich 682.

---

[1] *McDonnell Douglas v Green*, 411 US 792; 93 S Ct 1817; 36 L Ed 2d 668 (1973).

[2] *Texas Dep't of Community Affairs v Burdine*, 450 US 248; 101 S Ct 1089; 67 L Ed 2d 207 (1981).

[3] As such, I disagree with the majority's statement that plaintiff failed to set forth a prima facie case of age discrimination due to insufficient evidence that he was replaced by a younger person. As the United States Supreme Court recently stated, discrimination laws protect persons not classes. *O'Connor v Consolidated Coin Caterers Corp*, 517 US 308; 116 S Ct 1307; 134 L Ed 2d 433 (1996).

---

The plaintiff's former employer argues that the disputed statement was a "stray remark[]" that cannot give rise to liability. See *Price Waterhouse v Hopkins*, 490 US 228, 277; 109 S Ct 1775; 104 L Ed 2d 268 (1989) (opinion of O'CONNOR, J., concurring in the judgment). In the circumstances of the present case, however, that is an argument for the finder of fact to consider.

For these reasons, we reverse in part the judgments of the Court of Appeals and the circuit court. We remand this case to the circuit court for further proceedings limited to the plaintiff's claim that his former employer unlawfully discriminated against him on the basis of age.[10] MCR 7.302(F)(1).

CORRIGAN, C.J., and CAVANAGH, WEAVER, KELLY, and TAYLOR, JJ., concurred.

---

[10] In all other respects, leave to appeal is denied.

8

PAUL DeBROW,

    Plaintiff-Appellant,

v                                                                No. 114615

CENTURY 21 GREAT LAKES, INC,
CENTURY FRANCHISE ASSOCIATION,
and KATHY MILLER,

    Defendants-Appellees,

and

PATRICIA COMBS and DENNIS DROPIC

    Defendants.

_____

MARKMAN, J. (*concurring*).

The only evidence of age discrimination presented by plaintiff consists of a single comment allegedly made to him by his superior during a meeting at which he was terminated. During this meeting, Robert Hutchinson, an official of Century 21 Great Lakes, told plaintiff that he was "getting too old for this sh—." There are at least two conceivable interpretations of this comment: (1) that it constitutes what the majority describes as "direct evidence" of age animus in the context of an adverse employment decision taken by defendant, or (2) that it represents a colloquial expression

which does not necessarily communicate the speaker's perspective that the object of his remark is literally too aged to perform a particular task, but rather empathizes with the other person by indicating that, on the basis of his experience, education, or level of achievement, he should not have to tolerate certain difficult circumstances in which he has become enmeshed.

I concur in the result reached by the majority because I agree that it is ultimately for the factfinder to determine which of these alternative interpretations best describes Hutchinson's remarks, *to wit*, whether these remarks are better understood in their literal or in their colloquial senses.

However, I write separately to express my concern that, particularly in the context of discrimination cases predicated upon age, there are a wide variety of innocent comments that, taken out of context and divorced from their meaning in common parlance, could be used by a plaintiff to defeat a motion for summary disposition. For example, if made in rough proximity to an adverse employment action and if construed literally, the following comments might be understood to constitute evidence of age discrimination:

- "That's just old hat"
- "You can't teach an old dog new tricks"
- "He's an old hand at this sort of thing"
- "Your thinking is just old school"
- "You're old enough to know better."
- "You belong to the good-old-boys network"

Each of these phrases, similar to the one uttered in the

present case, have colloquial meanings in the contemporary language that are distinct from their literal meanings and that are generally unconnected with any serious intimation of age animus.  I join here with the majority because we lack any specific information concerning the context of defendant's comment, and because there may be circumstances in which it is not unreasonable to accord the comment a literal construction.  However, I do not believe that the requirements of MCR 2.116(C)(10) will invariably be satisfied by a plaintiff who alleges remarks of this kind by an employer or a supervisor.  Although an employer or a supervisor's comments must be viewed in "the light most favorable" to a plaintiff at the summary judgment stage, the proofs nevertheless must be sufficient to allow the trier of fact to *reasonably* conclude that age animus was a motivating factor resulting in an adverse employment action.  *Lytle v Malady (On Rehearing),* 458 Mich 153, 176; 579 NW2d 906 (1998).  Whether a comment removed from the ordinary vernacular would constitute "direct evidence" of discrimination or merely circumstantial evidence does not, in my judgment, alter the validity of this proposition.

**YOUNG, J., took no part in the decision of this case.**