# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 9, 2006

128427

THOMAS MATZINGER,
   Plaintiff-Appellant,

v

THREE R'S FOREST PRODUCTS,
CLAY PHILLIP SPINDLER,
THOMAS KASZUBOWSKI and
ZAREMBA EQUIPMENT, INC.,
   Defendants-Appellees.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 128427
COA: 249612
Antrim CC: 02-007867-NI

On order of the Court, the application for leave to appeal the March 1, 2005 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

KELLY, J., dissents and states as follows:

The issue presented is whether a question of material fact exists, making summary disposition improper. Plaintiff alleges that defendants' trucks blocked both shoulders and the travel lanes of M-66 at the foot of a hill in early morning darkness of December 19, 2001.

Some time before, Clay Phillip Spindler and Thomas Kaszubowski had driven their semitrailers to the area and parked on the northbound shoulder of M-66, engaging their four-way flashers. At approximately 6:30 a.m, Spindler put his truck in motion and began slowly turning left across M-66 while Kaszubowski remained on the shoulder. Both Spindler and Kaszubowski testified that they saw no oncoming traffic when Spindler started his turn.

Simultaneously, plaintiff, driving his vehicle north on M-66, reached the crest of the hill and was first able to see Spindler's truck, 708 to 722 feet away. M-66 is a "no pass zone" in the area because drivers cannot see over the hill until reaching its crest.

Plaintiff testified that he "almost immediately" noticed the blocked roadway and slammed on his brakes, but could not stop in time to avoid colliding with Spindler's truck. While trapped in his vehicle, plaintiff thought that he heard someone yell, "I knew we should have put somebody at the top of that hill. I knew something was going to happen."

Plaintiff filed a complaint alleging that Spindler and Kaszubowski acted negligently in blocking the roadway. The trial court granted summary disposition to defendants because plaintiff did not present expert testimony regarding the appropriate standard of care. The Court of Appeals held that expert testimony was not required, but nonetheless affirmed, finding no question of material fact. I agree with the Court of Appeals that expert testimony is not required in this case, but I disagree that no question of material fact exists.

It is well settled that, in reviewing a decision on a motion for summary disposition, we must consider the evidence presented in the light most favorable to the nonmoving party. *DeBrow v Century 21 Great Lakes, Inc* (*After Remand*), 463 Mich 534, 538-539 (2001). Here, although it is uncontested that defendants complied with all appropriate regulations, defendants provide no authority showing that their actions were reasonable. Reliance on industry standards does not foreclose evaluation of whether reliance was reasonable under specific circumstances. See, e.g., *The T J Hooper,* 60 F2d 737 (CA 2, 1932).

The accident in this case happened in the winter when it was dark. Defendants blocked both shoulders and the roadway at the foot of hill in a location that may have been visible to approaching traffic from only a short distance. In viewing the evidence in the light most favorable to plaintiff, I am left with a firm conviction that summary disposition was inappropriate. Whether defendants' actions were reasonable should be left for a jury to decide.

CAVANAGH, J., joins the statement of KELLY, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 9, 2006

*Corbin R. Davis*
Clerk

s0606