# STATE OF MICHIGAN

# COURT OF APPEALS

AMIYRAH MARTIN,

       Plaintiff-Appellant,

v

LISA LANGFORD, DDS, PC,
and LISA LANGFORD,

       Defendants-Appellees.

UNPUBLISHED
December 22, 2016

No. 328815
Wayne Circuit Court
LC No. 14-007744-CD

Before: SERVITTO, P.J., and STEPHENS and RONAYNE KRAUSE, JJ.

PER CURIAM.

Plaintiff appeals as of right a grant of summary disposition in favor of defendants in this employment discrimination action brought arising under the Civil Rights Act (CRA), MCL 37.2101 *et seq.* We reverse.

On September 9, 2013, plaintiff began working for defendants as a dental assistant. Defendant Lisa Langford DDS, PC (Langford PC), is a domestic professional corporation, and defendant Lisa Langford (Langford) is the president of Langford PC. Langford hired plaintiff after both phone and in-person interviews. Plaintiff wore a hijab to her in-person interview with Langford, and during the interview Langford asked plaintiff when she converted to Islam. The two were prior acquaintances.

However, tensions between the two arose, and Langford ultimately terminated plaintiff on December 2, 2013. According to plaintiff's deposition testimony, on the day of her termination, when plaintiff asked Langford why she was being terminated, Langford replied that plaintiff did not culturally fit in the environment of the office. Additionally, Langford also said that plaintiff was unsympathetic, that maybe this was due to her religion, because "Islam is unsympathetic."

On appeal, plaintiff challenges the trial court's grant of defendants' motion for summary disposition on plaintiff's employment discrimination claim, arguing that the trial court erred because it did not consider the direct evidence of discrimination that she presented. We agree.

This Court reviews a trial court's decision on a motion for summary disposition de novo. *Zaher v Miotke*, 300 Mich App 132, 139; 832 NW2d 266 (2013). Defendants' motion for summary disposition was made under both "MCR 2.116(C)(9)" and MCR 2.116(C)(10).

-1-

However, this Court reviews this motion only under MCR 2.116(C)(10) because it is clear that the trial court considered documentation outside of the pleadings when it ruled on defendants' summary disposition motion.  See *Innovation Ventures, LLC v Liquid Mfg, LLC*, 499 Mich 491, 506-507; 885 NW2d 861 (2016) (explaining that where a motion was made under both MCR 2.116(C)(8) and MCR 2.116(C)(10), review under only MCR 2.116(C)(10) was proper because the trial court considered information outside of the pleadings).

"A motion for summary disposition under MCR 2.116(C)(10) tests the factual support of the plaintiff's claim and should be granted, as a matter of law, if no genuine issue of any material fact exists to warrant a trial."  *Doe v Henry Ford Health Sys*, 308 Mich App 592, 596-597; 865 NW2d 915 (2014), citing *Spiek v Michigan Dep't of Transp*, 456 Mich 331, 337; 572 NW2d 201 (1998).  "When evaluating a motion for summary disposition under MCR 2.116(C)(10), 'a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties . . . in the light most favorable to the party opposing the motion.' " *Innovation*, 499 Mich at 507, citing *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999).  " 'Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law.' " *Innovation*, 499 Mich at 507, citing *Maiden*, 461 Mich at 120.

The trial court erred by granting defendants' motion for summary disposition.  Plaintiff presented direct evidence of discrimination, and thus, provided evidence sufficient to raise a question of material fact.

MCL 37.2202(1) of the CRA provides, in relevant part:

(1) An employer shall not do any of the following:

(a) Fail or refuse to hire or recruit, discharge, or otherwise discriminate against an individual with respect to employment, compensation, or a term, condition, or privilege of employment, because of religion . . .

"The ultimate question in an employment discrimination case is whether the plaintiff was the victim of intentional discrimination."  *Hecht v Nat'l Heritage Academies, Inc*, 499 Mich 586, 606; 886 NW2d 135 (2016), citing *Reeves v Sanderson Plumbing Prod, Inc*, 530 US 133, 153; 120 S Ct 2097; 147 L Ed 2d 105 (2000).  The Michigan Supreme Court has interpreted the CRA to require " 'but for causation' or 'causation in fact.' " *Hecht*, 499 Mich 606, citing *Matras v Amoco Oil Co*, 424 Mich 675, 682; 385 NW2d 586 (1986) (quotation marks omitted).

"Proof of discriminatory treatment in violation of the CRA may be established by direct evidence or by indirect or circumstantial evidence." *Sniecinski v Blue Cross & Blue Shield of Michigan*, 469 Mich 124, 132; 666 NW2d 186 (2003).  In cases where direct evidence of discrimination is unavailable, claims of discrimination are examined under the *McDonnel Douglas* framework for assessing motions for summary disposition and directed verdict cases.  See *Hazle v Ford Motor Co*, 464 Mich 456, 466; 628 NW2d 515 (2001).  "Where direct evidence is offered to prove discrimination, a plaintiff is not required to establish a prima facie case within the *McDonnell Douglas* framework, and the case should proceed as an ordinary civil

matter." *DeBrow v Century 21 Great Lakes, Inc*, 463 Mich 534, 539-540; 620 NW2d 836 (2001).

Direct evidence "is evidence that proves impermissible discriminatory bias without additional inference or presumption." *Hecht*, 499 Mich at 607 n 34. However, stray or isolated remarks by a decision maker or their agent are not direct evidence of discrimination. See *Krohn v Sedgwick James of Mich, Inc*, 244 Mich App 289, 298-299; 624 NW2d 212 (2001); see also *Sniecinski*, 469 Mich at 135-136. This Court evaluates whether comments are stray remarks by applying four factors: "(1) Were the disputed remarks made by the decisionmaker [sic] or by an agent of the employer uninvolved in the challenged decision? (2) Were the disputed remarks isolated or part of a pattern of biased comments? (3) Were the disputed remarks made close in time or remote from the challenged decision? (4) Were the disputed remarks ambiguous or clearly reflective of discriminatory bias?" *Krohn*, 244 Mich at 292.

After a plaintiff has presented direct evidence of discrimination, the plaintiff must also prove his or her qualification for the position. *Sniecinski*, 469 Mich at 133. However, "a defendant may avoid a finding of liability by proving that it would have made the same decision even if the impermissible consideration had not played a role in the decision." *Sniecinski*, 469 Mich at 133. "Upon such a presentation of proofs, an employer may not avoid trial by merely 'articulating' a nondiscriminatory reason for its action. Under such circumstances, the case ordinarily must be submitted to the factfinder for a determination whether the plaintiff's claims are true." *Harrison v Olde Fin Corp*, 225 Mich App 601, 613; 572 NW2d 679 (1997).

The trial court erred by granting defendants' motion for summary disposition because plaintiff presented direct evidence of discrimination. Plaintiff testified during her deposition that, on the day she was terminated, Langford told her she was terminating plaintiff because she did not culturally fit in the environment of her office. Langford also said that plaintiff was unsympathetic, that maybe this was due to her religion, and that "Islam is unsympathetic." These remarks, if believed, do not require an additional inference or presumption to demonstrate an impermissible discriminatory bias, and thus, constitute direct evidence of discrimination. Further, these remarks are akin to other comments that have been held to constitute direct evidence of discrimination. In *DeBrow*, a supervisor's statement that the plaintiff was "getting too old for this s**t," in the conversation where the plaintiff was fired, could be considered direct evidence of age discrimination. *DeBrow* 463 Mich at 538-539. See also *Bachman v Swan Harbour Ass'n*, 252 Mich App 400, 433; 653 NW2d 415 (2002) (holding that a statement by a residential apartment manager to a disabled individual that " 'I don't know who you people think you are but you are not going to get any special treatment here,' " constituted direct evidence of discrimination).

To determine whether Langford's remarks mere "stray comments," this Court applies the *Krohn* factors to weigh whether the comments constitute direct evidence of discrimination. Here, three of the *Krohn* factors strongly weigh in plaintiff's favor: (1) Langford, the decision maker for the office, made the disputed remarks; (2) the discriminatory remarks were isolated, however plaintiff also testified that Langford referenced her own need to engage in prayer, sometimes for the benefit of plaintiff, prior to plaintiff's termination; (3) the disputed remarks were made at the time of plaintiff's termination; and (4) the remarks were clearly reflective of a discriminatory bias. Thus, when viewing the evidence in a light most favorable to plaintiff, there

is a genuine issue of material fact regarding whether plaintiff was discriminated against based on her religion.

On appeal, plaintiff also challenges the trial court's apparent reliance on the "same-actor inference" as a basis for granting summary disposition. We first note that only a plurality of Michigan Supreme Court justices adopted the "same-actor inference" in *Town v Michigan Bell Tel Co*, 455 Mich 688; 568 NW2d 64 (1997), where the fact that the same actor hired and fired the plaintiff in a short period of time is treated as presumptive evidence there was no discriminatory motive behind the discharge. See *Town*, 455 Mich at 700-701 (applying the same-actor inference, opinion by BRICKLEY, J., BOYLE and WEAVER, JJ. concurring). See also *id.* at 708 n 3 (RILEY, J., concurring) (rejecting the lead opinion's reliance on the same-actor inference, and stating that the same-actor inference should not accorded any presumptive value); and see *id.* at 715-716 (CAVANAGH, J., concurring in part and dissenting in part) (rejecting the lead opinion's reliance on the same-actor inference to shield the defendant from liability, rather, inference is mere evidence that supports the defendant's claim). We also note that no published decision of this Court, or of the Michigan Supreme Court has subsequently applied the same-actor inference, therefore, we are not bound to apply the same-actor inference. See *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 206 n 7; 731 NW2d 41 (2007) (stating that "decisions in which no majority of the justices participating agree with regard to the reasoning are not an authoritative interpretation under the doctrine of stare decisis,"); see e.g. MCR 7.215(C) (only published opinions of the Court of Appeals have precedential effect under the rule of stare decisis).

Regardless, applying the same-actor inference here would be improper, because the *Town* plurality applied the same-actor inference in the context of a case of circumstantial evidence of discrimination under the *McDonnel Douglas* framework, and not a case of direct evidence of discrimination. See *Wexler v White's Fine Furniture*, Inc, 317 F3d 564, 572 (CA 6, 2003) (holding that the same-actor inference has never been applied in cases of direct evidence of stereotyping). As only plaintiff addresses this argument, defendants have not articulated any reason why this Court should consider extending the application of the same-actor inference to cases of direct evidence of discrimination. Further, this Court may look for guidance in its interpretation of the CRA by consulting "federal court interpretations of its counterpart federal statute." *Chambers v Trettco, Inc*, 463 Mich 297, 313; 614 NW2d 910 (2000). In considering the amount of weight to assign the same-actor inference where a plaintiff has presented direct evidence of discrimination, the Sixth Circuit has held that where "the factfinder [sic] decides to draw the same-actor inference, it is insufficient to warrant summary judgment for the defendant if the employee has otherwise raised a genuine issue of material fact." *Wexler*, 317 F3d at 573-574.

We reverse the trial court's order granting defendants' motion for summary disposition, and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Deborah A. Servitto
/s/ Cynthia Diane Stephens
/s/ Amy Ronayne Krause

-4-