# STATE OF MICHIGAN

# COURT OF APPEALS

NOLA DAVIS,

Plaintiff-Appellant,

v

FORD MOTOR COMPANY,

Defendant-Appellee.

UNPUBLISHED
January 26, 2017

No. 329501
Wayne Circuit Court
LC No. 14-010178-CD

Before: RIORDAN, P.J., and FORT HOOD and SERVITTO, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court order granting summary disposition in favor of defendant in this action wherein plaintiff alleged retaliation and discrimination in violation of the Elliott Larsen Civil Rights Act (MCL 37.2101 et seq.). We affirm.

Plaintiff, an African-American woman, submitted an employment application to defendant in February 2013 wherein she stated that she had not been convicted of a crime or discharged by a prior employer. The employment application contained a statement that any misrepresentation made in the application could be cause for termination. In October 2013, plaintiff filed a complaint against defendant for sexual harassment. According to plaintiff, after she filed the complaint, her employment application was reviewed and an investigation conducted into the truth of the statements contained in the application, although no other employee with her previous employment experience was subject to the same review and investigation. The investigation revealed that plaintiff had been convicted of a misdemeanor in October 2008 and that she had been terminated from employment in 1994, 1995, and 2005. Defendant terminated plaintiff's employment in June 2014 for the stated reason of falsifying her employment application. Plaintiff thereafter filed the instant lawsuit in which she alleged that the stated reason for her termination was mere pretext for defendant's intentional discrimination and retaliation against her for filing the sexual harassment complaint against defendant, in violation of the Elliott Larsen Civil Rights Act (ELCRA).

Defendant moved for summary disposition of plaintiff's complaint pursuant to MCR 2.116(C)(10). Defendant asserted that information concerning plaintiff's falsification of her employment application was discovered during plaintiff's prior lawsuit against defendant when plaintiff directed defendant to conduct a public search if it wanted to find out anything about her. The information was then forwarded to defendant's human resources department which then

followed its normal practice when first learning of an employee's criminal conviction of pulling the employee's employment application to see if the conviction had been disclosed. Defendant's human resources manager found that it had not been disclosed, along with plaintiff's termination history and made the decision to fire her, as he had in other instances when applicants failed to disclose similar information. Defendant thus asserted that plaintiff failed to state a prima facie case for discrimination or retaliation, did not establish any causal connection between her protected activity and her termination, and cannot establish any pretext for her termination. Plaintiff, on the other hand, contended that she established all the elements of a prima facie case of retaliation and that she presented evidence that defendant terminated her employment because she engaged in the protected activity of bringing an action for sexual harassment and disparate treatment against defendant. The trial court agreed with defendant and granted its motion for summary disposition, prompting this appeal.

We review a trial court's summary disposition ruling de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). When reviewing a motion brought under MCR 2.116(C)(10), this Court examines the evidence presented to the trial court and, drawing all reasonable inferences in favor of the nonmoving party, determines whether a genuine issue of material fact exists to warrant a trial. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). The reviewing court should consider the substantively admissible evidence actually proffered by the opposing party. *Maiden*, 461 Mich at 121. When the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law. *Id.* at 120.

On appeal, plaintiff contends that the trial court erred in granting summary disposition in defendant's favor and refusing to grant summary disposition in her favor because she has established that her protected activity was at least a motivating factor in defendant's decision to terminate her, i.e., that she set forth a prima facie case for retaliation under the ELCRA. We disagree.

The ELCRA provides, in pertinent part:

Two or more persons shall not conspire to, or a person shall not:

(a) Retaliate or discriminate against a person because the person has opposed a violation of this act, or because the person has made a charge, filed a complaint, testified, assisted, or participated in an investigation, proceeding, or hearing under this act.

(b) Aid, abet, incite, compel, or coerce a person to engage in a violation of this act.

(c) Attempt directly or indirectly to commit an act prohibited by this act.

[MCL 37.2701]

A violation of the ELCRA may be proven through circumstantial or direct evidence. Circumstantial evidence, the only type at issue here, employs the *McDonnell Douglas*[1] approach, which uses a burden shifting analysis. *DeBrow v Century 21 Great Lakes, Inc*, 463 Mich 534, 537; 620 NW2d 836 (2001). When the burden shifting analysis is applied, the plaintiff bears the initial burden of establishing a prima facie case of retaliation and, if it does so, the burden then shifts to the defendant to articulate a legitimate business reason for the adverse employment action. *Roulston v Tendercare (Mich), Inc*, 239 Mich App 270, 280-281; 608 NW2d 525 (2000). If the employer makes this articulation, in order to survive a motion for summary disposition, the plaintiff must thereafter demonstrate that the evidence in the case, when construed in the plaintiff's favor, is sufficient to permit a reasonable trier of fact to conclude that that discrimination was a motivating factor for the adverse employment action. *Hazle v Ford Motor Co*, 464 Mich 456, 465; 628 NW2d 515 (2001). "[A] plaintiff must not merely raise a triable issue that the employer's proffered reason was pretextual, but that it was a pretext for [unlawful] discrimination." *Id*. at 465–466 (internal quotation marks omitted).

To establish a prima facie case of retaliation, a plaintiff must show: "(1) that he engaged in a protected activity; (2) that this was known by the defendant; (3) that the defendant took an employment action adverse to the plaintiff; and (4) that there was a causal connection between the protected activity and the adverse employment action." *Garg v Macomb Co Cmty Mental Health Services*, 472 Mich 263, 273; 696 NW2d 646 (2005), opinion amended on denial of reh (July 18, 2005). "To establish causation, the plaintiff must show that his participation in activity protected by the CRA was a 'significant factor' in the employer's adverse employment action, not just that there was a causal link between the two." *Rymal v Baergen*, 262 Mich App 274, 303; 686 NW2d 241 (2004), quoting Barrett *v Kirtland Community College*, 245 Mich App 306, 315; 628 NW2d 63 (2001). "A causal connection can be established through circumstantial evidence, such as close temporal proximity between the protected activity and adverse actions, as long as the evidence would enable a reasonable fact-finder to infer that an action had a discriminatory or retaliatory basis." *Rymal*, 262 Mich App at 303.

Plaintiff engaged in a protected activity by filing a lawsuit against defendant in October 2013 alleging harassment, defendant was aware of this activity, and defendant took an adverse employment action against plaintiff in June 2014 by terminating her. Thus, there is no dispute concerning the first three elements of plaintiff's prima facie retaliation claim. At issue here is the fourth element in the retaliation claim: a causal connection between plaintiff's protected activity and the adverse employment action against her. In support of her allegation that such a connection existed, plaintiff provided the trial court with the deposition testimony of Kevin Littlejohn, former Human Resources Manager for defendant and the person who made the decision to terminate plaintiff for falsifying her employment application. Littlejohn's testimony does not, however, support plaintiff's position.

---

[1] *McDonnell Douglas Corp v Green*, 411 US 792, 802–805; 93 S Ct 1817; 36 L Ed 2d 668 (1973).

Littlejohn testified that he would have become generally aware of plaintiff's September 2013 call to defendant's harassment hotline within days of the call's occurrence and would have had his staff investigate the allegation. Littlejohn did not, however, recall if plaintiff had filed a legal action concerning the allegation made in the hotline call. He testified that he received documents from defendant's Office of General Counsel to review because there was a concern that plaintiff's employment application may be inaccurate. Littlejohn does not know why defendant obtained the documents or where it received them from, but he reviewed the documents, determined that plaintiff had, in fact, falsified information concerning her criminal and employment termination history on her application and he made the decision to terminate her based on the falsifications. Littlejohn testified that he had reviewed other hourly employees' applications for accuracy at certain times, but he could not recall whether defendant had a regular process of conducting background checks from fall of 2012 through November 2014 and, if so, what that process was. He also did not recall a specific person who was terminated for falsifying his or her application during that time period. Littlejohn testified that he was the individual who terminated plaintiff, that he was the decision maker, and that no one directed him to terminate plaintiff.

Littlejohn also provided an affidavit wherein he attested that while employed in human resources with defendant, it has occasionally been brought to his attention that an employee has falsified his or her employment application or another company document. He attested that this information often comes to him through defendant's labor relations office, but also comes to him in other ways. Littlejohn provided an example of receiving notice in October 2013 from defendant's disability provider of an employee having falsified company documents. Littlejohn swore that he could not recall any instance where an employee or applicant provided false information in a company document and was not terminated or an offer of employment withdrawn. In her deposition in the discrimination and harassment case against defendant, plaintiff testified that she was aware of other employees of defendant that had criminal records and remained employed by defendant, but admitted that she did not know if they had lied about their criminal histories on their employment applications.

Defendant also provided the affidavit of John Wright, defendant's manager of arbitration and wage administration, who swore that in his employment capacity, an issue frequently arises wherein employees have falsified company documents, including applications. Wright attested that the falsifications come to defendant's attention in a variety of ways including consumer reporting agencies, workers compensation proceedings, anonymous calls, and through medical records and that defendant has learned of falsifications long after the fact. Wright swore that he reviewed plaintiff's records and that she falsified her employment application concerning her criminal history and her discharge from former employers, either of which support the termination decision.

At the time of plaintiff's termination, her lawsuit against defendant for discrimination and harassment was still pending. During her initial deposition in that case, plaintiff was uncooperative with many questions asked of her. When defense counsel was trying to discern if plaintiff had sued any other employer, plaintiff responded that it was none of defendant's business and told counsel she could find it out for herself. Defendant then apparently undertook to find it out and discovered plaintiff's prior terminations in the course of its investigation as well as her criminal history and provided these discoveries to the human resources department. In a

later deposition (taken after her termination) plaintiff admitted to being terminated from several jobs. She was unclear as to why she did not disclose the terminations on her application with defendant, at times stating that she did not recall the jobs that she had been terminated from, and at other times stating that she had sued those prior employers for harassment and had received settlements so felt that she had been wrongfully terminated and thus did not need to disclose the terminations. However, the application asked, "Have you ever been discharged or asked to resign by your employer?" And then, "If yes, please state circumstances." Thus, if plaintiff had believed that her terminations were wrongful, there was a place and mechanism to explain that on the application. As to her criminal history, plaintiff testified at deposition that she believed she only had to disclose felony convictions despite that fact that the application clearly asked "Have you ever been convicted of a crime (excluding a minor traffic violation)?" Plaintiff's criminal conviction was for a misdemeanor offense unrelated to traffic. Moreover, plaintiff acknowledged that the application contained a statement that misrepresentation in the application may be cause for termination.

Plaintiff states that there is no evidence that defendant ever terminated another employee for making a false statement in his or her employment application and that this lack of evidence raises an inference that the real reason for plaintiff's termination was her engagement in a protected activity. However, it is *plaintiff* who bears the burden of first establishing her prima facie case. That is, she must establish, in the affirmative that defendant's termination of her was due to her engagement in the protected activity. Plaintiff was required to show that she was discharged *because* she brought legal action against defendant for harassment, but she has merely shown that she was discharged *after* she brought the action. Close temporal proximity between the protected activity and the adverse employment action, by itself, is not enough to establish causation for purposes of a retaliation claim. *Garg*, *supra* at 286.

Plaintiff was required to show that her discharge was in some manner influenced by her allegations of harassment and discrimination, but she has failed to do so. Some nine months had passed between her initial call to the harassment hotline and her filing of the lawsuit and her termination, her case against defendant was still pending, and the individual charged with determining whether plaintiff's application was falsified was unaware of the pending lawsuit. Plaintiff having failed to establish a causal connection between her protected activity and her termination (that her participation in an activity protected by the CRA was a significant factor in her termination), *Rymal*, 262 Mich App at 303, she has failed to establish a prima facie case of retaliation and summary disposition in defendant's favor was appropriate.

Because plaintiff has failed to establish her prima facie case, we need not address plaintiff's remaining arguments on appeal.

Affirmed.

/s/ Michael J. Riordan
/s/ Karen M. Fort Hood
/s/ Deborah A. Servitto