# STATE OF MICHIGAN

# COURT OF APPEALS

KAREN HRAPKIEWICZ,

        Plaintiff-Appellee,

v

WAYNE STATE UNIVERSITY BOARD OF
GOVERNORS,

        Defendant-Appellant.

UNPUBLISHED
March 9, 2017

No. 328215; 330189
Wayne Circuit Court
LC No. 11-015709-CL

Before: WILDER, P.J., and CAVANAGH and SERVITTO, JJ.

SERVITTO, J. (*dissenting*).

I respectfully dissent.

The majority concludes that plaintiff proved the elements of a prima facie case of age discrimination under the *McDonnell Douglas*[1] burden shifting analysis. I agree that there was no direct evidence of age discrimination in this case such that the burden shifting analysis was the appropriate framework under which to analyze defendant's summary disposition and directed verdict motions. See, *DeBrow v Century 21 Great Lakes, Inc*, 463 Mich 534, 540; 620 NW2d 836 (2001)(holding that the "shifting burden of proofs as contemplated in *McDonnell Douglas* and *Burdine* only apply to discrimination claims based solely on indirect or circumstantial evidence of discrimination" and when direct evidence is offered to prove discrimination the case proceeds as an ordinary civil matter.). The majority correctly quotes *Lytle v Malady*, 458 Mich 153, 177; 579 NW2d 906 (1998), as setting forth the prima facie case of an age discrimination case as requiring plaintiff to prove, by a preponderance of the evidence, that "(1) she was a member of the protected class; (2) she suffered an adverse employment action; (3) she was qualified for the position; and (4) she was replaced by a younger person." However, I note that *Lytle* cites to *Town v Michigan Bell Tel Co*, 455 Mich 688, 695; 568 NW2d 64 (1997) for these elements, when the *Town* Court actually stated:

---

[1] *McDonnell Douglas Corp v Green*, 411 US 792; 93 S Ct 1817, 36 L Ed 2d 668 (1973).

[m]any courts, including this one, have used the prima facie test articulated by the United States Supreme Court in *McDonnell Douglas Corp v Green* as a framework for evaluating age-discrimination claims. Originally applied to cases of race discrimination, the test has been modified to accommodate cases of age and sex discrimination.

The modified *McDonnell Douglas* prima facie approach requires an employee to show that the employee was (1) a member of a protected class, (2) subject to an adverse employment action, (3) qualified for the position, and that (4) others, similarly situated and outside the protected class, were unaffected by the employer's adverse conduct. [*Id.* footnotes omitted].

Thus, the factors articulated by *Lytle* are not wholly accurate. And, I would add, would be extremely easy to meet. If, as indicated in *Lytle* and followed by the majority, a plaintiff in an age discrimination case need only show that he or she was of a certain age, suffered an adverse employee action, was qualified for the position and was replaced by a person even a year younger, our courts would be flooded with age discrimination cases. Instead, as more accurately explained in the more recent case of *Hazle v Ford Motor Co*, 464 Mich 456, 463; 628 NW2d 515 (2001):

Under *McDonnell Douglas,* a plaintiff must first offer a "prima facie case" of discrimination. Here, plaintiff was required to present evidence that (1) she belongs to a protected class, (2) she suffered an adverse employment action, (3) she was qualified for the position, and (4) the job was given to another person under circumstances giving rise to an inference of unlawful discrimination.

The fourth element is essential to the analysis. The evidence required by the plaintiff in an age discrimination case to establish this element is more than just his or her birthdate and his or her replacement's birth date. Birthdates alone do not give rise to an inference of unlawful discrimination. The majority implicitly acknowledges the same by quoting the following applicable portion of *Hazle*:

The inquiry at this final stage of the *McDonnell Douglas* framework is exactly the same as the ultimate factual inquiry made by the jury: whether consideration of a protected characteristic was a motivating factor, namely, whether it made a difference in the contested employment decision. See SJI2d 105.02. The only difference is that, for purposes of a motion for summary disposition or directed verdict, a plaintiff need only create a question of material fact upon which reasonable minds could differ regarding whether discrimination was a motivating factor in the employer's decision. [*Hazle*, 464 Mich at 466 (footnote omitted).]

Clearly, and sensibly, when considering whether a plaintiff has established a prima facie case of age discrimination under the *McDonnell Douglas* framework, a trial court must determine whether it was established that a protected characteristic (here, age) was a motivating factor in the adverse employment decision. It is not enough, as the majority here appears to find, that the plaintiff simply demonstrated that the person who replaced her was younger. Rather, in order to present a prima facie case of age discrimination and specifically to establish the fourth element

of her prima facie case, plaintiff was required to demonstrate that her age was a factor in her adverse employment action, i.e., that plaintiff's age made a difference in her employer's decision to fire her. See *Hazle*, 464 Mich at 466.

Viewing the evidence presented at summary disposition in a light most favorable to plaintiff, I would find that plaintiff failed to establish a prima facie case of age discrimination. There is no dispute that plaintiff was terminated for her action in allowing students to take an examination on campus for a class that was not even hers when the campus was closed due to weather conditions. While there may be some dispute as to whether or not other incidents contributed to the decision, plaintiff presented no evidence that age was a factor in the adverse employment decision. The uncontroverted evidence was that age was not discussed by the two decision makers, Dr. Ratner who was three years younger than plaintiff, and Gloria Heppner, who was approximately 13 years older than plaintiff. In addition, plaintiff's direct supervisor began planning his retirement in 2006 and voluntarily retired in 2010. Plaintiff presented no evidence from which it could be inferred that age played a role in defendant's termination decision and the majority has not identified any. Moreover, in denying defendant's motion for summary disposition, the trial court did not identify or indicate any evidence that supported the fourth factor of plaintiff's prima facie case, but instead incorrectly stated that plaintiff had to show that defendant's given reason for the adverse employment action was pretext. Pretext, however, does not factor into a trial court's analysis until *after* the plaintiff has established her prima facie case. See *Hazle*, 464 Mich at 465.

Because plaintiff failed to establish a prima facie case of age discrimination, I would have reversed the trial court's denial of summary disposition in defendant's favor. And, because plaintiff failed to present any evidence at trial evidencing that age was a factor in the decision to terminate her, I would have granted defendant's motion for directed verdict.

/s/ Deborah A. Servitto