*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

WOODFIELD GREENS CONDOMINIUM
ASSOCIATION,

        Plaintiff/Counterdefendant-Appellee,

V

SOHO LAND DEVELOPMENT, INC.,

        Defendant,

and

MICHAEL MCGRATH,

        Defendant/Counterplaintiff-Appellant,

and

LARRY C. MULLINS, BARBARA J. MULLINS,
FOUR J, LLC, DAVID PARIS, MARLENE PARIS,
MICHAEL SIMONETTI, ELLEN SIMONETTI,
DANI WEST, BERNARD KOTARSKI,
ELIZABETH KOTARSKI, RUTH DEWALT,
ELYSE SAKUTA, LESLEY MATUSZAK,
JESSICA SAMPSON, JOHN STRONG III, JULEE
STRONG, DERRICK JONES, SCOTT BOLDMAN,
LISA BOLDMAN, TODD WALSH, SHANNON
WALSH, HARDMAN REVOCABLE TRUST
DATED JUNE 23, 2020, LINDA HARDMAN,
SHELLY A. PREVETT REVOCABLE TRUST
DATED APRIL 12, 2021, PHILLIP HOLMBLADE,
PAMA HOLMBLADE, PETER HOMMEN, JANET
HOMMEN, COLON BROWN, LISA BROWN,
ELIZABETH LOVSE, MICHELLE
GOLDWORTHY, IDA SWIRLES, GRANT W.
YOUNG LIVING TRUST DATED JULY 15, 2021,

UNPUBLISHED
March 16, 2026
9:49 AM

No. 371067
Oakland Circuit Court
LC No. 2023-201075-CH

GRANT YOUNG, MICHAEL MARSH, and
GLORIA MARSH,

        Counterdefendants-Appellees.

---

Before: RIORDAN, P.J., and O'BRIEN and YOUNG, JJ.

PER CURIAM.

Defendant/counterplaintiff, Michael McGrath, appeals as of right the trial court's order granting summary disposition in favor of plaintiff/counterdefendant, Woodfield Greens Condominium Association.[1] We affirm.

## I. FACTUAL BACKGROUND

Woodfield Greens Condominium was created as a condominium project under the Michigan condominium act, MCL 559.101 *et seq*., when the initial developer recorded the master deed on July 20, 2005. The master deed created 50 units and defined Units 1 through 4 as "must be built." A subdivision plan attached to the master deed clarified that "all remaining units and their appurtenant structures and improvements 'need not be built'."

MCL 559.167(3), as amended by 2002 PA 283, provided, in relevant part:

> Notwithstanding section 33, if the developer has not completed development and construction of units or improvements in the condominium project that are identified as "need not be built" during a period ending 10 years after the date of commencement of construction by the developer of the project, the developer, its successors, or assigns have the right to withdraw from the project all undeveloped portions of the project not identified as "must be built" without the prior consent of any co-owners, mortgagees of units in the project, or any other party having an interest in the project. . . . If the developer does not withdraw the undeveloped portions of the project from the project before expiration of the time periods, those undeveloped lands shall remain part of the project as general common elements and all rights to construct units upon that land shall cease.[2]

---

[1] The same order granted a default judgment against defendant Soho Land Development, Inc., and dismissed without prejudice the individually named counterdefendants (the co-owners of the condominium units that were a part of the association.) None of these other parties are parties to this appeal.

[2] This is the version of the statute that was in effect at the relevant time of this case, and any reference to MCL 559.167 in this opinion is to this version of the statute. MCL 559.167 was amended effective September 21, 2016, see MCL 559.167, as amended by 2016 PA 233, but those

Article VIII, Section 6 of the master deed had similarly required that the developer complete construction "of the entire Project, including proposed improvements whether identified as 'Must be Built' or 'Need not be Built,' " within 10 years from the date of commencement of construction. The master deed went on to state that if the developer, its successors, or assigns failed to withdraw any undeveloped portion from the project before the expiration period, then those undeveloped portions would remain part of the condominium project as general common elements, and all rights to construct units on that land would cease.

On August 31, 2005, the initial developer recorded a "Notice of Commencement" indicating that construction work on the condominium project was about to begin.

On December 27, 2010, defendant purchased Units 37 through 50. In February 2014, defendant's attorney sent a letter to Cummings Property Management, Inc., the property manager of Woodfield Greens, stating that defendant "requests that you retain this letter in your permanent records as confirmation that his units are designated '**must be built**', and therefore, can remain undeveloped after the 10 year anniversary date of commencement of construction." There is no record evidence of any response to this letter.

Units 17 through 50 (which included defendant's purchased units) were never built, and no amendment to the master deed was ever recorded. According to plaintiff, under the condominium act and the master deed, in 2015—10 years after the commencement of construction by the initial developer—all rights to build Units 17 through 50 ceased, and all undeveloped land reverted to the condominium project as general common elements. On November 29, 2022, plaintiff recorded the first amendment to the master deed, indicating the nonexistence of Units 17 through 50.

## II. PROCEDURAL HISTORY

On June 23, 2023, plaintiff sued defendant to quiet title to the land on which defendant's units were to be built, and it sought a declaratory judgment that these former units no longer existed and reverted to general common elements. Defendant counterclaimed seeking restitution for the property taxes that he paid for the land on which the units were to be built.

On January 23, 2024, plaintiff filed two motions for summary disposition—one in which it sought summary disposition in its favor on the claims alleged in its complaint, and the other in which it sought summary disposition in its favor on defendant's counterclaim. Arguing that it was entitled to summary disposition on the claims alleged in its complaint, plaintiff asserted that, because the master deed was never amended by recorded instrument, in 2015—10 years after construction of the condominium complex commenced—defendant's former units ceased to exist pursuant to the plain language of MCL 559.167(3) and the terms of the master deed. As for defendant's counterclaim, plaintiff argued that defendant could not prove that plaintiff received any benefit from defendant's payment of the property taxes, so defendant was not entitled to any restitution for the property taxes he paid.

---

amendments do not apply retroactively. See *Cove Creek Condo Ass'n v Vistal Land & Home Dev, LLC*, 330 Mich App 679, 697-701; 950 NW2d 502 (2019).

In response, defendant argued that his written correspondence sufficed to convert his units from "need not be built" to "must be built," so those units never converted to general common elements. He also argued that plaintiff benefitted from his payment of property taxes because it avoided a tax foreclosure.

The trial court entered an opinion and order granting both of plaintiff's motions for summary disposition without oral argument. The court agreed with plaintiff that an amendment to the master deed, including an amended subdivision plan, was needed to convert "need not be built" units to "must be built" units, and there was no evidence that defendant recorded either. The court also agreed with plaintiff that defendant's payment of taxes on the nonexistent units did not benefit the association, so defendant was not entitled to any restitution.

This appeal followed.

III. MCL 559.167(3)

Defendant first argues that the trial court erred by concluding that plaintiff was entitled to judgment as a matter of law on its claim for quiet title of defendant's undeveloped units.

We review de novo a trial court's ruling on a motion for summary disposition. *Glasker-Davis v Auvenshine*, 333 Mich App 222, 229; 964 NW2d 809 (2020). While the trial court did not specify whether it was granting plaintiff's motion for summary disposition under either MCR 2.116(C)(8) and (10), it is clear that the court granted the motion under (C)(10) because it considered evidence outside the pleadings. See *Cuddington v United Health Servs, Inc*, 298 Mich App 264, 270; 826 NW2d 519 (2012). A motion filed under MCR 2.116(C)(10) is properly granted if, after reviewing all of the documentary evidence in the light most favorable to the nonmoving party, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. See *Glasker-Davis*, 333 Mich App at 229. "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Innovative Adult Foster Care, Inc v Ragin*, 285 Mich App 466, 475; 776 NW2d 398 (2009) (quotation marks and citation omitted).

Questions of statutory and contract interpretation are reviewed de novo. *Elizabeth Trace Condo Ass'n v American Global Enterprises, Inc*, 340 Mich App 435, 439-440; 986 NW2d 412 (2022).

A condominium project like the one at issue here is governed by the Michigan condominium act, MCL 559.101 *et seq*. The version of MCL 559.167(3) that was in effect at all relevant times provided that if the developer of a project had not completed development and construction of condominium units identified as "need not be built" within 10 years after the date of commencement of construction, and if the developer (or its successors or assigns) did not withdraw the undeveloped portions of the project "before expiration of the time periods," then "those undeveloped lands shall remain part of the project as general common elements and all rights to construct units upon that land shall cease." That is, under the relevant version of MCL 559.167(3), "[i]f the developer of a condominium project (or its successors or assigns) does not withdraw the undeveloped 'need not be built' units from the project within the specified 10-year

time period, the land comprising those units becomes part of the project 'as general common elements' and all rights to construction on that land cease." *Elizabeth Trace Condo Ass'n*, 340 Mich App at 442.

Construction of the condominium project here began in 2005, so the 10-year period to develop and construct the "need not be built" units expired in 2015. It is undisputed that defendant never constructed his unbuilt units. Therefore, after the 10-year period expired in 2015, the unbuilt units, by operation of law, "remained part of the project as general common elements, and all rights to construct upon that land ceased." *Id.*

Defendant argues that *Elizabeth Trace* is distinguishable from this case because, in 2014, defendant provided written notice to plaintiff of his intent to keep his unbuilt units as part of the condominium project. We agree with the trial court's conclusion, however, that this correspondence was insufficient to convert defendant's units from "need not be built" to "must be built" to escape the dictates of MCL 559.167(3), requiring that "need not be built" units be constructed within 10 years of the commencement of construction.

MCL 559.108 defines "Master deed" as "the condominium document recording the condominium project to which are attached as exhibits and incorporated by reference the bylaws for the project and the condominium subdivision plan for the project." MCL 559.166(2)(j) requires that any proposed structure in a subdivision plan be labeled as "must be built" or "need not be built," and section (3) of that statute requires subdivision plans be numbered consecutively "when recorded by the register of deeds." Under MCL 559.167(1), "[a] change in a condominium project shall be reflected in an amendment to the appropriate condominium document," and under MCL 559.191, "[a]n amendment to the master deed or other recorded condominium document shall not be effective until the amendment is recorded."

The master deed only defined Units 1 through 4 as "must be built." On page 6 of the subdivision plan, it states, "Units 1 through 4 inclusive and their appurtenant structures and improvements 'must be built'. All remaining units and their appurtenant structures and improvements 'need not be built'." There is no evidence of any amendment of the master deed or subdivision plan to change defendant's units from "need not be built" to "must be built." Nor is there any evidence of any recording of an amendment with the register of deeds until the first amendment was recorded in 2022. Defendant's evidence of a unilateral correspondence does not suffice to establish an amendment of the master deed or subdivision plan, let alone any official recording of such documents. The trial court therefore properly concluded that, because defendant did not comply with the requirements of the condominium act, MCL 559.167(3) operated to extinguish defendant's rights to the property when the 10-year period expired, and his units remained unbuilt and not withdrawn.[3]

---

[3] Defendant also discusses a July 2017 email that plaintiff's former counsel sent to Cummings in response to an inquiry about brick color. The email stated, "I presume we are talking about Units in Woodfield Green that exist on paper (i.e. established by the Master Deed) but have not yet been built. If so, this purchaser will need to build Units in accordance with the site plan approved by

## IV. DEFENDANT'S COUNTERCLAIM

In his "Statement of Questions Presented," defendant states that he is also challenging the trial court's dismissal of his counterclaim for restitution. In his brief, however, defendant fails to address this issue. We consider defendant's failure to substantively address this issue to constitute an abandonment of his claim. See *Berger v Berger*, 277 Mich App 700, 712; 747 NW2d 336 (2008) ("A party abandons a claim when it fails to make a meaningful argument in support of its position."). We accordingly decline to address whether the trial court properly dismissed defendant's counterclaim for restitution.

Affirmed.

/s/ Michael J. Riordan
/s/ Colleen A. O'Brien
/s/ Adrienne N. Young

---

the municipality." This email does not even clearly specify that it is discussing defendant's units, so it would be speculation to conclude that it is even relevant to his case. Even assuming that this email was referring to defendant's undeveloped units, it is still not sufficient to establish that there was an effective amendment to the master deed or other condominium documents.